**William G. FINKE and Ruth A. Finke, as Husband and wife, Appellants–Plaintiffs,**

v.

**NORTHERN INDIANA PUBLIC SERVICE COMPANY and Town of Highland, Indiana, Appellees–Defendants.**

No. 45A03–0606–CV–280.

Court of Appeals of Indiana.

Dec. 29, 2006.

Publication Ordered Feb. 27, 2007.

Gordon A. Etzler, Gordon A. Etzler & Associates, Valparaiso, IN, Attorney for Appellant.

Paul A. Rake, Matthew S. Versteeg, Eichhorn & Eichhorn, Hammond, IN, Attorneys for Appellee Northern Indiana Public Service Company.

Rhett L. Tauber, Esq., Michael J. Jasaitis, Esq., Tauber Westland & Jasaitis, P.C.

Schereville, IN, Attorneys for Appellee Town of Highland, Indiana.

## OPINION

FRIEDLANDER, Judge.

William and Ruth Finke appeal following the entry of summary judgment in favor of Town of Highland (the Town) and Northern Indiana Public Service Company (NIPSCO) on the Finkes' prescriptive easement claim. On appeal, the Finkes present the following restated issues for review:

1. Did the Finkes timely file their notice of voluntary dismissal pursuant to Ind. Trial Rule 41(A)?

2. Did the trial court properly grant summary judgment in favor of the Town and NIPSCO?

We affirm.

On October 1, 2002, the Finkes filed a Complaint to Declare Prescriptive Easement and a separate Motion for Preliminary Injunction. In their complaint, the Finkes alleged that NIPSCO is the fee simple owner of the real estate in question (the NIPSCO Property) and that the Town had acquired a right to use the NIPSCO Property to construct and maintain a jogging, hiking, and biking trail for the limited use of the public as described in a license agreement with NIPSCO. The NIPSCO Property is adjacent to and situated to the north and east of property owned by the Finkes (the Finke Property) since 1994. Over the years, the Finkes and their predecessors in title have used the Finke Property for business purposes and they have used the NIPSCO property as additional parking for their patrons, as well as ingress/egress to and from the easternmost end of the business. By their complaint, the Finkes sought a determination that they had "acquired an easement by prescription upon and over the NIP-

SCO Property, for the limited purpose of using the NIPSCO Property for parking and ingress/egress to and for the benefit of the Finke Property". *Appellee NIPSCO's Appendix* at 3. The Finkes further sought a preliminary injunction prohibiting NIPSCO and the Town from "(1) altering, modifying or otherwise changing the NIPSCO Property (hereinafter defined); (2) removing or destroying the Plaintiff's personal property which is situated upon the NIPSCO Property; and (3) denying the Plaintiff access to the NIPSCO Property for purposes of gaining ingress/egress". *Id.* at 6.

A preliminary injunction hearing was held on October 11, 2002, at which the parties presented evidence and argument. That same day, the Town filed an objection to the motion for preliminary injunction and a detailed memorandum, with several exhibits. The day prior to the hearing, NIPSCO also filed a memorandum in opposition to the motion for preliminary injunction. The parties each filed proposed findings following the hearing, as directed by the court. Thereafter, on October 21, the trial court denied the Finkes' motion for preliminary injunction, concluding in part:

30. The Finkes have failed to establish a reasonable likelihood of success on the merits for its [sic] Complaint to Declare Prescriptive Easement because:

(a) From at least 1978 to 1984, the Nipsco Property was not unitized for parking by any vehicles because it was impossible to access the Nipsco Property due to the presence of a ditch, railroad ties, and railroad tracks. Moreover, between 1994 and 1999, Finke's business was inactive, and Finke's patrons did not utilize the Nipsco property for that five year period of time. At a minimum, these two gaps of time interrupt the

twenty (20) year period required for a prescriptive easement. . . .

(b) Club Dimensions, Inc. [predecessor in title] used the Nipsco Property from at least 1984 to 1988 pursuant to a lease and that use was permissive. Furthermore, the Finkes had oral permission to use the Nipsco Property from either 1994 or 1996 until 2001. Therefore, both permissive uses cannot be utilized in establishing a prescriptive easement during any twenty (20) year time frame which includes those "permissive" time periods.

(c) Neither the Finkes nor their predecessors in title excluded noncustomers of the Finke property, or members of the general public, from utilizing the Nipsco property. Such conduct precludes the Finkes from asserting an exclusive "claim of right" to obtain an easement by prescription.

31. The Finkes have failed to establish any twenty (20) year prescriptive time period between 1962 and the present.

32. The Finkes failed to establish each element required for a prescriptive easement. Therefore, for the above-cited reasons, the Finkes have failed to demonstrate a reasonable likelihood of success on the merits.

*Appellants' Appendix* at 41–42.

Soon after the denial of a preliminary injunction, the Finkes' counsel withdrew from the case, and the Finkes took no further action to prosecute the matter for nearly two years. Finally, on July 22, 2004, new counsel for the Finkes filed two handwritten motions with the trial court, a motion for change of venue from judge and a notice of dismissal without prejudice.

Neither was entered of record, and there is no indication the motions were accepted by the trial court. Thereafter, on July 26, counsel filed a typewritten motion for change of venue and a typewritten notice of dismissal, with the handwritten documents attached. In the interim, on July 23, the Town filed its answer to the Finkes' complaint by certified mail.

Following a hearing, the trial court entered an order denying the Finkes' motion to dismiss and granting their motion for change of venue on February 1, 2005. Another trial court subsequently assumed jurisdiction over the case. A status conference was held on June 20, 2005, at which deadlines were established for discovery and dispositive motions. The Finkes were also granted leave to file an amended complaint. The Finkes, however, did not timely file an amended complaint.

NIPSCO answered the original complaint on June 30, 2005. Thereafter, on October 14, the Town and NIPSCO filed separate motions for summary judgment, with supporting memoranda, designated evidence, and exhibits. The Finkes failed to respond to the summary judgment motions. Instead, on December 16, well after the deadline to respond had passed, the Finkes filed a renewed motion to dismiss or, in the alternative, a motion for leave to amend their complaint. A week later, the Finkes filed for an extension of time to respond to the motions for summary judgment, which the trial court properly denied as untimely pursuant to Ind. Trial Rule 56(I).

On February 23, 2006, the trial court held a hearing on the pending motions. The trial court, by order dated February 27, denied the Finkes' renewed motion to voluntarily dismiss the case, as well as their motion to amend the complaint.[1]

---

1. The Finkes sought to amend the complaint to assert a quiet title action, claiming superior

Thereafter, on May 18, the trial court entered an order granting summary judgment in favor of the Town and NIPSCO. The Finkes now appeal.

## 1.

The Finkes initially claim they voluntarily dismissed their action without prejudice pursuant to T.R. 41(A)(1)(a) by filing a notice of dismissal with the trial court before the defendants filed their answers. Therefore, they argue the matter was dismissed without the need of a court order.

T.R. 41(A) provides in pertinent part:

**Voluntary dismissal: Effect thereof.**

■ (1) *By plaintiff—By stipulation.* Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:

(a) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or

(b) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice. . . .

T.R. 41(A) is modified by T.R. 41(C), which provides:

**Dismissal of counterclaim, cross-claim, or third-party claim.** The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the claimant alone pursuant to subsection (1) of subdivision (A) of this rule shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

"The purpose of the rule pertaining to the voluntary dismissal of an action was to eliminate evils resulting from the absolute right of a plaintiff to take a voluntary nonsuit at any stage in the proceedings before the pronouncement of judgment and after the defendant had incurred substantial expense or acquired substantial rights." *Rose v. Rose,* 526 N.E.2d 231, 234 (Ind.Ct.App.1988), *trans. denied.*

In the instant case, the trial court explained in its February 27, 2006 order:

The Plaintiffs' Motions to Dismiss the case came after the matter was already submitted to the Court on the Plaintiffs' request for a preliminary injunction. Also, the Defendant Town of Highland filed its Answer by certified mail three (3) days before the Plaintiffs filed a Motion to Voluntarily Dismiss this case. This Court finds that the Motion to Voluntarily Dismiss the case after the matter was submitted in a hearing on the request for a preliminary injunction, and at the same time Defendant Town of Highland was filing its Answer, does not satisfy the requirements of Trial Rule 41(A)(1).

*Appellants' Appendix* at 14.[2] We agree with the trial court.

---

title to the NIPSCO Property based upon a declaratory judgment order in a class action issued on November 26, 2003 by the Hamilton Superior Court. The trial court denied the Finkes' motion to amend because it was not filed within a reasonable time after the June 20, 2005 status conference, at which they were granted leave to amend the complaint. The Finkes' filing of their amended complaint, six months after the status confer-

ence, did not occur until after the close of discovery, after the defendants had filed for summary judgment, and after the Finkes had failed to respond to summary judgment. The Finkes do not appeal the denial of their motion to amend the complaint.

**2.** With respect the original and renewed motions to dismiss, the trial court further stated at the February 23 hearing:

On appeal, the Finkes rely exclusively on T.R. 41(A)(1)(a) and argue that their notice of dismissal was filed prior to the defendants filing their respective answers. With regard to NIPSCO, the Finkes note that NIPSCO filed its answer on June 30, 2005, nearly a year after the notice of dismissal. Without citing authority, the Finkes assert that NIPSCO cannot rely on the answer filed by the Town to protect it from dismissal pursuant to T.R. 41(A)(1)(a). The Finkes' argument with respect to the Town is a bit more involved. They appear to acknowledge that the Town filed its answer on July 23, 2004, which was before the Finkes' filing of the typed notice of dismissal on July 26. The Finkes rely on Local Rule 2(D) of the Lake County Rules of Civil Procedure, however, to argue that their notice of dismissal should have been considered filed on July 22, the date of their handwritten submission. Local Rule 2(D) provides in relevant part:

> Handwritten papers may be filed only if approved by the Court and a typewritten or printed true rendition thereof is filed within three (3) days thereafter and approved by the Court. Upon such approval, they shall be deemed and filed as the original, while the handwritten papers shall be retained therewith for evidentiary purposes.

Contrary to the Finkes' bald assertions on appeal, the record does not establish that the court approved the handwritten notice of dismissal.

 Moreover, timing of the notice of dismissal in relation to the answers aside, the Finkes were not entitled to voluntary dismissal without court order pursuant to T.R. 41(A)(1)(a).[3] In *Rose v. Rose*, we stated:

> You had gone—you know, Trial Rule 41(A)(1) talks about the instance where nobody's really done anything yet. Let the Plaintiff withdraw the case without prejudice.
> But you had already put these parties to the test in a hearing on a motion for preliminary injunction, which—you know, I haven't studied what it says. I know the Judge entered an Order there. Just denied is what I read here. I haven't read the whole Order. But you've already put these parties to the challenge on that issue.
> At that point in time, this Judge thinks the Plaintiff is not merely entitled to file a paper saying we quit, we leave, but we can come back again next week, Judge, if we want to.... I don't think that's good practice in any Court to do that, and my guess is the same thing was running through Judge Pete's mind.
> But also, and it's a significant "but" here, on July 26th, the Court had already received, which had been mailed on July 23rd, I guess, the answer filed by one of your Co–Defendants here.
> So for all those reasons, that request to dismiss without prejudice in July is not well-taken. I'm denying it now, if it wasn't denied, because you waived any jurisdictional issue as to Judge Pete. So let's settle that issue.
> And that said, I've got this renewed motion to dismiss. I think the Defendants are right. That just comes in as a way of trying to get out from under the response to the motion for summary judgment, and that's not well-taken either.
> *Transcript* at 38–39.

3. In fact, we observe that involuntary dismissal *with* prejudice may have been appropriate, in light of the Finkes' failure to prosecute their action for nearly two years after the denial of their motion for preliminary injunction. *See* T.R. 41(E) (providing for involuntary dismissal hearing, upon motion of a party or on the court's own motion, when no action has been taken in a civil case for a period of sixty days). We further note that a plaintiff's diligence in prosecuting the action or in bringing a motion for dismissal without prejudice is a relevant consideration in determining whether voluntary dismissal is appropriate. *Principal Life Ins. Co. v. Needler*, 816 N.E.2d 499 (Ind.Ct.App.2004). In this case, such a consideration clearly weighs against voluntary dismissal.

Where a hearing has been conducted on an issue which goes to the merits of the controversy, voluntary dismissal is inappropriate. *Harvey [Aluminum, Inc. v. Am. Cyanamid Co.],* 203 F.2d [105,] 107 [ (2nd Cir.1953) ]. In *Harvey,* a hearing on the plaintiff's motion for a preliminary injunction prohibiting the sale of assets pending determination of the plaintiff's suit for specific performance squarely raised the merits of the controversies. This hearing required several days of testimony and produced a 420 page record. *Id.* The court held that under these circumstances, allowing a voluntary dismissal, though attempted prior to any answer or motion for summary judgment was filed, would not be in accord with the essential purpose of rule 41(a). *Id.* at 108. Therefore, despite the fact that no responsive pleading was filed in the present case, the trial court was free to determine that the proceedings had progressed to the stage where allowing a voluntary dismissal would violate the purpose of the rule and would result in legal prejudice to David Rose.

*Rose v. Rose,* 526 N.E.2d at 235 (footnotes omitted); *see also Principal Life Ins. Co. v. Needler,* 816 at 503 ("this court has held that where a hearing has been conducted on an issue that goes to the merits of the controversy, voluntary dismissal is inappropriate").

■ Similarly, in the case at hand, we cannot say that the trial court abused its discretion in determining the proceedings had progressed to a stage where allowing a voluntary dismissal would violate the purpose of the rule. *See Rose v. Rose,* 526 N.E.2d 231. As set forth previously, at the time the notice of dismissal was filed, the case had been pending for nearly

two years and an evidentiary hearing addressing the merits of the controversy had already occurred.[4] Indeed, the Finkes' request for a preliminary injunction was denied, at least in part, because of their failure to establish a reasonable likelihood of success on the merits. Under these circumstances, we conclude that the Finkes have failed to establish that they were entitled to a voluntary dismissal without prejudice pursuant to T.R. 41(A)(1)(a). Therefore, we find no error.

2.

The Finkes next challenge the trial court's entry of summary judgment in favor of the Town and NIPSCO. The Finkes claim that when they filed the original complaint in October 2002, as well as when they testified at the preliminary injunction hearing, they were under the mistaken belief that NIPSCO held fee simple title to the disputed property. Relying on a November 26, 2003 declaratory judgment involving a class action in the Hamilton Superior Court, the Finkes now claim to hold superior title to the disputed property. The Finkes, therefore, assert that the trial court erroneously based the summary judgment order on the findings of fact from the preliminary injunction hearing.

■ The difficulty with the Finkes' argument is two-fold. First, they did not provide us with an adequate record to review this issue. We observe that the appellant bears the burden of presenting a complete record with respect to the issues raised on appeal. *Graddick v. Graddick,* 779 N.E.2d 1209 (Ind.Ct.App.2002). Where the appellant fails to do so, we have no basis to re-evaluate the trial court's conclusion. *Brattain v. State,* 777 N.E.2d 774 (Ind.Ct.App.2002). We cannot review a claim that a trial court erred in granting

---

**4.** In addition to the evidentiary hearing, NIPSCO and the Town spent considerable time and expense preparing memoranda in opposition to the motion for preliminary injunction, filing exhibits, and submitting proposed findings as requested by the trial court.

a motion for summary judgment when the appellant does not include in the record all the evidence designated to the trial court and before it when it made its decision. *Lenhardt Tool Die Co., Inc. v. Lumpe*, 703 N.E.2d 1079 (Ind.Ct.App.1998), *trans. denied.* Here, the Finkes have wholly failed to provide us with the motions for summary judgment, the memoranda in support of summary judgment, and, most notably, the designations of evidence filed by the Town and NIPSCO.[5]

■ The Finkes' other fatal error occurred below when they failed to respond to the motions for summary judgment and failed to designate evidence in opposition to the motions. On appeal, the Finkes acknowledge their complaint and their testimony at the preliminary injunction hearing indicated that NIPSCO was the fee simple owner of the disputed property. They claim, however, that they are not bound by their prior testimony/pleadings because they later "withdrew, explained and modified said statements." *Appellants' Brief* at 6 (citing *City of Gary v. State*, 406 N.E.2d 1231 (Ind.Ct.App.1980)). While the Finkes certainly had ample opportunity to withdraw, explain, or modify their prior position by timely filing an amended complaint and responding to the motions for summary judgment, the harsh reality is that they failed to do so. Like the trial court, we may not look beyond the evidence specifically designated to the trial court. *See Cole v. Lantis Corp.*, 714 N.E.2d 194 (Ind.Ct.App.1999). As the Finkes failed to properly designate any evidence to support their belated claim of superior title to the disputed property, their appeal in this regard is without merit.

Judgment affirmed.

KIRSCH, C.J., and RILEY, J., concur.

5. Our review is further hampered by the fact that the Finkes' appendix does not include a table of contents as required by Ind. Appellate Rule 50(A)(2).

*ORDER*

On December 29, 2006, the Court handed down its opinion in this appeal marked Memorandum Decisions, Not for Publication. The Appellee, by counsel, has filed a Motion to Publish Memorandum Decision. The Appellee states that the Memorandum Decision clarifies an existing rule of law regarding the circumstances in which a plaintiff can voluntarily dismiss its claim.

Having considered the matter, the Court FINDS AND ORDERS AS FOLLOWS:

1. The Appellee's Motion to Publish Memorandum Decision is GRANTED and this court's opinion heretofore handed down in this cause on December 29, 2006, marked Memorandum Decision, Not for Publication is now ORDERED PUBLISHED.

All Panel Judges Concur.