**OPINION ON REHEARING**



FILED

Jul 06 2017, 9:10 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEYS FOR APPELLANT

Robert A. Welsh
Connor H. Nolan
Harris Welsh & Lukmann
Chesterton, Indiana

ATTORNEY FOR APPELLEE

Benjamen W. Murphy
Law Office of Ben Murphy
Griffith, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Cheng Song,<br><br>*Appellant-Cross-Appellee,*<br><br>v.<br><br>Thomas Iatarola and<br>Theresa Iatarola,<br><br>*Appellees-Cross-Appellants* | July 6, 2017<br><br>Court of Appeals Case No.<br>64A03-1609-PL-2094<br><br>Appeal from the Porter Superior<br>Court<br><br>The Honorable William E. Alexa,<br>Judge<br><br>Trial Court Cause No.<br>64D02-1109-PL-9151 |

**Baker, Judge.**

[1] The Iatarolas have filed a petition for rehearing, raising multiple arguments with respect to our opinion in this case. We grant the petition for the limited purpose of addressing their argument about the due diligence phrase in the addendum to their contract for the sale of their real estate. The Iatarolas argue that the designated evidence before the trial court on summary judgment

showed that Song, not the Iatarolas, typed the addendum, and that the addendum should be construed against him.

[2] The Iatarolas are the cross-appellants on the issue of contract interpretation. They did not argue or even mention in their briefs that Song drafted the addendum. The appendix does not present a full record of the contract drafting process. *See, e.g., Finke v. N. Ind. Pub. Serv. Co.*, 862 N.E.2d 266, 272 (Ind. Ct. App. 2006) (holding that appellant bears the burden of presenting a complete record with respect to the issues raised on appeal and that we "cannot review a claim . . . when the appellant does not include in the record all the evidence" relevant to that claim).

[3] In their petition for rehearing, the Iatarolas cite to the "Uncontested Facts" section of their designated materials in support of their claim that Song drafted the addendum. Paragraph 35 provides: "At Iatarola's insistence, Song drafted and the parties signed an Addendum and Strict Escrow Agreement which permitted Iatarola 180 days to vacate the property and for the deposit of $150,000.00 to cover any damages due to any breach of the agreement." Appellees' App. Vol. VI p. 77.

[4] In support of the claim made in paragraph 35, in turn, the Iatarolas cite to two pages of Song's deposition. Song testified as follows:

> Q: The addendum to the contract, Mr. Song, did you prepare that?

A: I think that we prepared it together with Tom at the time, back and forth maybe several times.

Q: Did you negotiate it back and forth via email?

A: Yeah, I think so.

Q: But who – you typed up this addendum in this Word format; did you not?

A: Yes, I typed it in; but maybe he make some changes according to Tom's request, et cetera, something like that.

***

Q: On the addendum . . . there is a period that talked about closing not occurring for 180 days; do you remember that?

[Song asks to see the exhibit]

A: Yeah, it didn't mention that – the 120 days. It just mentioned the closing date will be . . . .

*Id.* at 112-13. The rest of Song's testimony regarding the addendum is not included in the appendix.

[5] This evidence does not change the outcome of the appeal. During the summary judgment stage and in their appeal, the Iatarolas failed to establish that no genuine issue of material fact existed about whether Song independently drafted the addendum such that its interpretation should be construed against him.

Rather, the evidence outlined above indicates that it was the Iatarolas who wanted the addendum drafted, and that both parties contributed to its preparation.

[6] Having addressed the Iatarolas' argument on rehearing and finding it unpersuasive, we stand by our previous opinion. In all other respects, we deny the petition for rehearing.

Barnes, J., and Crone, J., concur.