# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 07 2018, 10:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Bennie Truth
New Castle, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Bennie Truth,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent*

September 7, 2018

Court of Appeals Case No.
49A04-1711-PC-2610

Appeal from the Marion Superior Court

The Honorable Barbara Cook Crawford, Judge

Trial Court Cause No.
49G09-1509-PC-32400

**Baker, Judge.**

[1] Bennie Truth appeals the denial of his petition for post-conviction relief, arguing that the post-conviction court erroneously determined that he did not receive the ineffective assistance of trial and appellate counsel. Finding no error, we affirm.

[2] On March 13, 1998, Truth was convicted of Class B felony rape. As a result, he was required to register as a sex offender. In 2013, Truth was charged with three Class D felony counts of failure to register as a sex offender. Following a bench trial, the trial court found him guilty as charged but sentenced him on only one count. Truth appealed, claiming insufficient evidence. This Court affirmed. *Truth v. State*, No. 49A02-1405-CR-334 (Ind. Ct. App. Dec. 18, 2014).

[3] On September 22, 2015, Truth filed a petition for post-conviction relief, arguing that he had received the ineffective assistance of trial and appellate counsel. On August 14, 2017, the post-conviction court denied the petition. Truth now appeals.

[4] Truth's sole argument on appeal is that the post-conviction court should have found that he received the ineffective assistance of trial and appellate counsel based on the attorneys' failure to argue that the application of the Indiana Sex

Offender Registration Act[1] to him was an unconstitutional ex post facto violation.

[5] Truth is incorrect. The Indiana Legislature passed the Sex Offender Registration Act in 1994. *Wallace v. State*, 905 N.E.2d 371, 373 (Ind. 2009). The 1994-96 versions of the Act required sex offenders to register for having committed the crime of rape if the victim was under the age of eighteen years old. In 1997, the General Assembly amended the Act to require registration by offenders who committed the offense of rape regardless of the age of the victim.[2] Truth was convicted of rape in 1998—*after* the applicable version of the Act was passed.[3] Laws constitute an ex post facto violation only if they are applied to defendants who committed their offenses *before* the applicable statutes were enacted. *Id.* at 377.

[6] In this case, therefore, there was no ex post facto violation. Consequently, Truth's attorneys were not ineffective for failing to raise the claim and the post-

---

[1] Ind. Code ch. 11-8-8.

[2] The record on appeal does not indicate the age of the victim of Truth's rape. But we infer from the State's citation to the 1997 amendment of the Sex Offender Registration Act that the victim was eighteen years of age or older.

[3] Generally, the date that matters is the date on which the defendant *committed* the offense. *But see Blakemore v. State*, 925 N.E.2d 759, 763 (Ind. Ct. App. 2010) (focusing on date of conviction in finding an ex post facto violation). In this case, the record on appeal does not include that information. It is Truth's burden to provide this Court with a complete record on appeal. *Finke v. N. Ind. Pub. Serv. Co.*, 862 N.E.2d 266, 272 (Ind. Ct. App. 2006). Generally, when the appellant fails to provide us with a complete record, we decline to review his claims. *Id.* at 272-73. Here, we will nonetheless endeavor to review Truth's claim, but must infer from his conviction date of 1998 that he committed the offense of rape after the relevant amendment was enacted in 1997.

conviction court did not err by denying Truth's petition for post-conviction relief.

[7] The judgment of the post-conviction court is affirmed.

May, J., and Robb, J., concur.