# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Apr 08 2019, 9:46 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| APPELLANT PRO SE | ATTORNEY FOR APPELLEE |
|---|---|
| Eric D. Smith | Randall R. Shouse[1] |
| Indianapolis, Indiana | Shouse & Langlois |
| | Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In the Matter of the Paternity of Kierstyn Maria LaMar: | April 8, 2019 |
| Eric D. Smith, | Court of Appeals Case No. 18A-JP-209 |
| *Appellant-Petitioner,* | Appeal from the Shelby Superior Court |
| v. | The Honorable R. Kent Apsley, Judge The Honorable Jennifer K. Kinsley, Magistrate |
| Shanna M. LaMar, | |
| *Appellee-Respondent.* | Trial Court Cause No. 73D01-1606-JP-43 |

---

[1] Although Randall R. Shouse filed an appearance as the attorney for Appellee Shanna M. LaMar, no brief was filed on behalf of Appellee.

**Kirsch, Judge.**

Eric D. Smith ("Smith") appeals, pro se, the trial court's order that established child support, custody, and visitation in his paternity action regarding his child with Shanna M. LaMar ("LaMar"). Smith raises two issues for our review; however, because we do not have a sufficient record from which we can determine whether the trial court abused its discretion, we dismiss the appeal.

The appellant bears the burden of presenting a complete record with respect to the issues raised on appeal. *Finke v. N. Ind. Public Serv. Co.*, 862 N.E.2d 266, 272 (Ind. Ct. App. 2006), *trans. denied*. Where the appellant fails to do so, we have no basis to re-evaluate the trial court's conclusion. *Id*. Indiana Appellate Rule 31 explains the procedure for assembling a record on appeal when no transcript of the hearing is available.[2] It requires a party to "prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection." Ind. Appellate Rule 31(A). The party shall then file a motion to certify the statement of evidence with the trial court. *Id*. The rule provides for responses to the statement by the other party and then requires a certification by the trial court. App. R. 31(B), (C). Compliance with this rule sustains the appellant's burden of presenting a complete record on appeal. *Graddick v. Graddick*, 779 N.E.2d 1209, 1210 (Ind. Ct. App. 2002). When an

---

[2] Our Supreme Court has previously held that unavailability of the transcript, for purposes of the rule, includes the situation where "an indigent is unable to bear the costs of its preparation." *Campbell v. Criterion Group*, 605 N.E.2d 150, 160 (Ind. 1992).

appellant fails to comply with Appellate Rule 31, his appeal can be dismissed. *Id.* (citing *Gen. Collections, Inc. v. Ochoa*, 546 N.E.2d 113, 115 (Ind. Ct. App. 1989)).

[3] Here, Smith's request to order the trial court to prepare a transcript of the proceedings was denied. Smith then prepared a verified statement of the evidence and filed it with the trial court.[3] Thereafter, the trial court, who heard the evidence, did not certify Smith's proposed statement of the evidence or file an affidavit as to why there is a dispute to the statement of the evidence as required under Appellate Rule 31(D). However, although the trial court did not act upon Smith's statement of the evidence, Smith took no further actions to ensure the statement of the evidence was certified by the trial court. As Smith's arguments on appeal require review of the evidence and testimony presented at the hearing, and he has not complied with Appellate Rule 31 by providing this court with a transcript of the hearing or a certified statement of the evidence, we find his issues waived. *See Meisberger v. Bishop*, 15 N.E.3d 653, 659 (Ind. Ct. App. 2014) (finding issues waived where appellant failed to provide court with either a transcript or a statement of evidence). We, therefore, must dismiss his appeal.

[4] Dismissed.

---

[3] We note that LaMar did file an objection to Smith's statement of the evidence, contending that it was not accurate as to the evidence presented at the hearing.

Riley, J., and Robb, J., concur.