**Charles BENNETT, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 49S00-9704-CR-246.

Supreme Court of Indiana.

Dec. 30, 1998.

---

Howard Howe, Indianapolis, for Appellant.

Jeffrey A. Modisett, Attorney General, Katherine L. Modesitt, Deputy Attorney General, Indianapolis, for Appellee.

SULLIVAN, Justice.

Defendant Charles Bennett was convicted of multiple felonies committed during a prolonged sexual assault. He appeals, contending that it was too dark for the victim to identify her attacker. He also contests the sufficiency of the evidence supporting his conviction on one count of Criminal Deviate Conduct and the admissibility of evidence relating to DNA testing. Finding the evidence sufficient to support the convictions and no error in admitting evidence, we affirm the trial court.

We have jurisdiction over this direct appeal because the longest single sentence exceeds fifty years. Ind. Const. art. VII, § 4; Ind. Appellate Rule 4(A)(7).

*Background*

On April 11, 1994, the victim in this case was accosted in her home by a man with a knife. Threatening the lives of both her and her young children if she did not cooperate, the assailant began several hours of sexual assault. At one point, he blindfolded her and tied her hands and feet together. At another point, he demanded and took money and jewelry.

Defendant was charged with four Class A [1] felonies: Rape [2] for forcing the victim to have sexual intercourse with him; Criminal Deviate Conduct [3] for forcing the victim to perform fellatio; another count of Criminal Deviate Conduct [4] for inserting his fingers in the victim's anus; and Attempted Criminal

---

1. The State requested that each of these felonies be elevated to Class A because they were alleged to have been committed by using or threatening the use of deadly force.

2. Ind.Code § 35–42–4–1 (1993).

3. Ind.Code §§ 35–41–1–9(1); 35–42–4–2 (1993).

4. Ind.Code §§ 35–41–1–9(2); 35–42–4–2 (1993).

Deviate Conduct[5] for attempting to force the victim to have anal intercourse with him. Defendant was also charged with three Class B[6] felonies: Confinement[7] for tying up the victim; Robbery[8] for taking the victim's money and jewelry; and Burglary[9] for breaking into the victim's home with intent to commit rape. The defendant was also charged with being a habitual offender.[10]

At trial, the victim identified defendant as her assailant and testified that defendant had engaged in the conduct alleged in the seven counts with which he was charged. The jury found defendant guilty and the trial court entered judgment on all seven counts. The trial court imposed 40 year sentences for each of the Class A felonies and 20 year sentences for each of the Class B felonies. All seven sentences were imposed to run concurrently. The trial court also found the defendant to be a habitual offender[11] and, as a consequence, enhanced the rape conviction by 30 years. As such, defendant was sentenced to total executed time of 70 years.

### I

Defendant makes a brief argument that the victim's identification of him did not constitute sufficient evidence to support a finding of guilt beyond a reasonable doubt because the victim could not see her attacker in the dark house and could not clearly hear his voice.

■ It is not the function of this court to weigh evidence or assess the credibility of witnesses when reviewing a claim of insufficiency of the evidence. *Anderson v. State*, 681 N.E.2d 703, 707–708 (Ind.1997) (citing *Pilarski v. State*, 635 N.E.2d 166 (Ind.1994)). If after considering reasonable inferences and evidence supporting the verdict we conclude that a reasonable trier of fact could find each element of the crime beyond a reasonable doubt, we will affirm the convic-

tion. *Anderson*, 681 N.E.2d at 707–708 (citing *Greenlee v. State*, 655 N.E.2d 488, 492 (Ind.1995)).

■ Here the victim testified at length. She positively identified the defendant as her attacker. The defendant cross-examined her on the certainty of her identification given the darkness of the night and the clarity of the attacker's voice. After considering the victim's testimony, a reasonable trier of fact could find each element of the crimes charged beyond a reasonable doubt. The jury weighed this evidence and assessed the victim's credibility and returned verdicts of guilt. We affirm.

### II

■ Defendant's conviction on Count III was for the crime of Attempted Criminal Deviate Conduct. Among the facts supporting this charge was that the defendant attempted to insert his penis into the victim's anus. Defendant's conviction on Count IV was for the crime of Criminal Deviate Conduct. Among the facts supporting this charge was that the defendant inserted his fingers into the victim's anus. Defendant maintains that there was insufficient evidence to support the Count IV conviction in that the use of the fingers was to assist in the anal intercourse and not a separate act of criminal deviate conduct. To support his argument, defendant refers us to *Thompson v. State*, 674 N.E.2d 1307 (Ind.1996). In that case, we affirmed defendant's conviction for rape but found that the record did not include sufficient evidence of a separate act of digital penetration of the vagina necessary to support a separate criminal deviate conduct conviction. *Id.* at 1311–12.

We find this case different from *Thompson*. Unlike *Thompson*, here there was testimonial evidence of separate and distinct

---

5. Ind.Code §§ 35–41–1–9(1); 35–41–5–1; 35–42–4–2 (1993).

6. The State requested that each of these felonies be elevated to Class B because they were alleged to have been committed while armed with a deadly weapon.

7. Ind.Code § 35–42–3–3 (1993).

8. Ind.Code § 35–42–5–1 (1993).

9. Ind.Code § 35–43–2–1 (1993).

10. Ind.Code § 35–50–2–8 (1993).

11. Defendant pled guilty to being a habitual offender.

episodes of anal penetration by inserting fingers and of attempted anal intercourse. There was sufficient evidence to support the Count IV conviction for Criminal Deviate Conduct.

### III

Defendant contends that the trial court committed reversible error when it allowed certain evidence to be admitted over his objection. He argues, without elaboration, that the evidence in question had not been presented to defense counsel prior to trial and that the chain of custody therefor was "questionable."

■ Defendant's argument on this point is so sketchy that it is does not comply with Ind. Appellate Rule 8.3(A)(7) (requiring an appellant's brief to set forth "the contentions of the appellant with respect to the issues presented, reasons in support of the contentions along with citations to authorities, statutes, and parts of the record relied upon"). As best as we can determine, the evidence in question consists of certain exhibits relating to blood samples taken from the defendant for DNA testing, including the test results. The record shows that the test results were provided to the defense on May 8, 1995, well in advance of the February, 1996, trial. The other exhibits objected to (five are specified in defendant's brief) all appear related to the chain of custody of the blood used in the DNA testing. At trial, defendant contended that he had not received any of these materials prior to trial. But one was listed in the State's response to discovery, another was described by the one listed, and the other three were items of which defendant was well aware because they bear his signature.

There also appears to have been a related dispute at trial (not mentioned in defendant's brief) over the State's substitution of one chain of custody witness for another at trial. The State had originally listed Detective Fagan as a witness to testify to viewing the drawing of defendant's blood. During trial, the State learned that Mr. King, not Detective Fagan, had viewed the draw and moved to substitute King for Fagan. Defendant was immediately notified of the proposed substitution and the trial court gave defendant time to question Mr. King before he testified.

We note that the DNA testing was done on joint motion by the State and the defense and that even now defendant identifies no specific deficiency in the chain of custody. We find no unfair surprise or resulting prejudice and affirm the trial court's decision to admit the disputed exhibits and permit the substitution.

### Conclusion

We affirm defendant's convictions.

SHEPARD, C.J., and DICKSON, SELBY and BOEHM, JJ., concur.