**William PRICE, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A04–0812–CR–698.

Court of Appeals of Indiana.

Aug. 21, 2009.

Ruth Johnson, Marion County Public Defender, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Ian McLean, Deputy Attorney General, Indianapolis, IN, Dennis Mullen, Law Clerk, Attorneys for Appellee.

## OPINION

BAKER, Chief Judge.

Appellant-defendant William Price appeals his conviction for Cruelty to an Animal,[1] a class A misdemeanor. Specifically, Price argues that the statute is unconstitutionally vague and that the evidence was insufficient to convict him. Finding that the statute is not unconstitutionally vague as applied to Price and that the evidence was sufficient, we affirm.

---

1. Ind.Code § 35–46–3–12(b).

## FACTS

On July 28, 2008, Officer Adam Chappell of the Indianapolis Metropolitan Police Department arrived at an Indianapolis residence in response to a complaint that a child or animal was screaming. After speaking with the complainant, Officer Chappell went to Price's residence, where he heard "what sounded like screaming coming from the residence." Tr. p. 7. Officer Chappell walked toward the backyard, stopping at a window through which he saw Price using a belt to strike "something that was down lower in the room." *Id.* Officer Chappell moved closer to the window and saw that Price was using a belt to hit a small white dog. The dog was "cowered in the corner of the room....Its back was actually in the corner and its belly was exposed with its paws facing towards Mr. Price." Id at 8. Officer Chappell saw Price vigorously beating the dog with a belt by "fully extending his arm back and then striking the animal." *Id.* at 9. Officer Chappell witnessed Price hitting the dog about twelve times, striking its face and stomach and stated that "every time Mr. Price hit it with the belt," it screamed. *Id.*

Officer Chappell tapped on the window to get Price's attention. Price met Officer Chappell at the front door, and following a brief conversation, Officer Chappell arrested Price for cruelty to an animal.

The next day, Jerry Bippus, an animal control officer, retrieved the dog from Price's residence. Bippus, who had worked with animals for thirteen years, later testified, "[o]nce I entered the room [the dog] took off running to the back corner of the property and cowered down." *Id.* at 18. Bippus stated that the dog tried to bite him as he approached the animal and that this behavior was "a good sign that this animal had some type of issue regarding the living conditions at home." *Id.* at 20.

At Price's bench trial, which commenced on November 3, 2008, Price testified in his own defense, stating that he had become dissatisfied with scolding his eight-month-old dog by smacking his nose or placing him in his crate. Price further explained that the dog destroyed clothes, table legs, and the couch by chewing on them. Price testified that "[i]t was like he would chew table legs on purpose because I was telling him 'no.'" *Id.* at 26.

On the day in question, Price failed to place the dog in his crate and when he returned from grocery shopping, he discovered that the dog had ruined the cushion on Price's couch. Price explained that "[i]t was expensive furniture." *Id.* at 27. Price testified that he waited until he had brought all the groceries in before turning on the dog to teach him "[n]ot to chew on furniture." *Id.* at 31. Price grabbed the dog by the back of the neck and picked him up, "not all the way off the ground but ... so that he couldn't run." *Id.* at 27–28. Price admitted that he used his belt to strike the dog, but claimed he only struck him six or seven times and "[n]ot as hard as they are saying." *Id.* at 25. In addition, Price produced photographs of the dog taken by his mother several hours after his arrest. The photographs did not show any visible injures on the dog.

At the conclusion of Price's one-day bench trial, he was found guilty as charged and sentenced to one year in the Marion County jail, with all but eight days suspended to probation. Price now appeals.

## DISCUSSION AND DECISION

### I. Vagueness

█ Price argues that Indiana Code section 35–46–3–12 is unconstitutionally vague. As an initial matter, the State

maintains that Price has waived this argument because he did not move to dismiss the information in the trial court. Price counters that the constitutionality of a statute may be raised at any stage of the proceedings.

Our Supreme Court has held that "[g]enerally, the failure to file a proper motion to dismiss raising the Constitutional challenge waives the issue on appeal." *Payne v. State*, 484 N.E.2d 16, 18 (Ind. 1985). Nevertheless, both our Supreme Court and this court have considered challenges to the constitutionality of statutes even though the defendant had failed to file a motion to dismiss. *See Morse v. State*, 593 N.E.2d 194, 197 (Ind.1992) (concluding that "the constitutionality of a statute may be raised at any stage of the proceeding including raising the issue *sua sponte* by this Court"); *Vaughn v. State*, 782 N.E.2d 417, 420 (Ind.Ct.App.2003) (deciding to address the defendant's challenge to the constitutionality of a statute even though the defendant failed to file a motion to dismiss and the State argued waiver). Moreover, even in cases where waiver has been found, the court proceeded to address the merits of the defendant's constitutional challenge. *See Rhinehardt v. State*, 477 N.E.2d 89, 93 (Ind.1985) (concluding that "[e]ven assuming appellant had preserved this claim, it would not constitute reversible error"); *Baumgartner v. State*, 891 N.E.2d 1131, 1136 (Ind.Ct.App. 2008) (stating that "even if we were to consider [the defendant's] argument upon the merits, he would not prevail because

his challenge to the statute as unconstitutionally vague fails"). Thus, we will address the merits of Price's argument.[2]

■■■■ Proceeding to the merits, "[w]hen the validity of a statute is challenged, we begin with a 'presumption of constitutionality.'" *State v. Lombardo*, 738 N.E.2d 653, 655 (Ind.2000) (quoting *State v. Downey*, 476 N.E.2d 121, 122 (Ind. 1985)). The burden is on the defendant to rebut this presumption, and we must resolve all reasonable doubts in favor of the statute's constitutionality. *Id.* A statute will not be found to be unconstitutionally vague if individuals of ordinary intelligence would comprehend it adequately to inform them of the generally proscribed conduct, but the statute need not list with itemized exactitude each item of prohibited conduct. *Id.* at 656. Moreover, vagueness challenges which do not involve First Amendment freedoms are examined in light of the facts of that particular case. *Id.*

Indiana Code section 35-46-3-12(b) provides that "[a] person who knowingly or intentionally beats a vertebrate animal commits cruelty to an animal, a Class A misdemeanor." In addition, subsection (e) states that "[i]t is a defense to a prosecution under this section that the accused person: . . . engaged in a reasonable and recognized act of training, handling, or disciplining the vertebrate animal." Furthermore, the definition of "beat" excludes "reasonable training or disciplinary techniques." I.C. § 35-46-3-0.5(2).

---

**2.** We caution that our decision to reach the merits is not an invitation to neglect to file a motion to dismiss and then argue for the first time on appeal that the statute is unconstitutional. Indeed, this court has refused to address the merits after concluding that the defendant waived his constitutional challenge. *See Adams v. State*, 804 N.E.2d 1169, 1172 (Ind.Ct.App.2004) (holding that the defendant waived his challenge to the constitutionality

of a statute because he failed to file a motion to dismiss in the trial court); *Wiggins v. State*, 727 N.E.2d 1, 5 (Ind.Ct.App.2000) (holding that the defendant waived his argument that the statute was unconstitutionally vague even though he had filed a motion to dismiss because the motion only alleged that the statute violated the prohibition against ex post facto laws).

■ Price argues that the statute's exemption of "reasonable" training and discipline renders the statute unconstitutionally vague because the term can have various meanings depending upon who interprets it.[3] Appellant's Amended Br. p. 7. This court has stated that because statutes must use words and our language is not always capable of mathematical certainty, "[n]o statute need avoid all vagueness." *Logan v. State*, 836 N.E.2d 467, 473 (Ind. Ct.App.2005). Moreover, a reasonableness standard contained in a statute provides "a constraining and intelligible enforcement standard for those charged with enforcing the statutes." *Johnson v. State*, 648 N.E.2d 666, 670 (Ind.Ct.App.1995). Finally, this court has held that when a criminal offense requires specific intent, this "militates against a determination that the statute[ ][is] vague." *Id.*

■ Here, Price admitted to grabbing his dog by the back of the neck to immobilize him. Price then repeatedly struck the dog with a belt in the face and stomach as the dog cowered in the corner. Each time Price struck the dog, his screams could be heard outside. Under these circumstances, we cannot say that a person of ordinary intelligence would not be aware that these actions violate Indiana Code section 35–46–3–12(b), which prohibits beating a vertebrate animal. Furthermore, a person of ordinary intelligence would know that these actions are not "reasonable" acts of discipline or training, which are exempt from the purview of the statute. Moreover, Price's use of hypothetical situations in which people may disagree as to what is reasonable discipline is unpersuasive, inasmuch as a "defendant is not at liberty to devise hypothetical situations which might demonstrate vagueness." *Baumgartner*, 891 N.E.2d at 1136. Consequently, we conclude that Indiana code section 35–46–3–12(b) is not unconstitutionally vague as applied to Price.

## II. Sufficiency of the Evidence

■ Price argues that the evidence was insufficient to convict him of cruelty to an animal. Specifically, Price asserts that the State failed to prove that he "was not engaged in a reasonable act of discipline of his dog." Appellant's Amended Br. p. 9.

In reviewing an insufficiency claim, we will neither reweigh the evidence nor assess the credibility of witnesses. *Bennett v. State*, 705 N.E.2d 176, 178 (Ind.1998). Instead, we will consider only the evidence and reasonable inferences supporting the judgment, and we will affirm if a reasonable fact finder could find each element of the crime beyond a reasonable doubt. *Id.*

To convict Price of cruelty to an animal, the State was required to prove beyond a reasonable doubt that Price knowingly or intentionally beat a vertebrate animal. I.C. § 35–46–3–12(b). As stated earlier, the statute exempts "reasonable training or disciplinary techniques." I.C. § 35–46–3–0.5(2).

As previously discussed, Price grabbed his dog by the back of the neck and proceeded to strike him multiple times with a belt and enough force to make the dog scream loudly every time he was struck. In light of this evidence, we cannot conclude that there was insufficient evidence to convict Price of cruelty to an animal.

---

3. In his reply brief, Price also argues for the first time that the statute is vague because the term "beat" requires "severe pain" and animals cannot testify as to whether or not they felt severe pain. Appellant's Reply Br. p. 2. Indiana Appellate Rule 46(C) provides that "[n]o new issues shall be raised in the reply brief." Thus, we do not consider this argument.

Nevertheless, Price points out that "[t]here was a discrepancy between Mr. Price and the police officer as to how hard and how many times Mr. Price struck his dog." Appellant's Amended Br. p. 10. However, this argument is merely a request that we reweigh the evidence, which we will not do. Furthermore, Price inconsistently argues that striking the dog was a "reasonable" and progressive form of discipline while simultaneously maintaining that striking the dog was an "impulsive action." *Id.* Consequently, we find these arguments unpersuasive and affirm the judgment of the trial court.

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and RILEY, J. concur.