STATE of Indiana, Appellant–Plaintiff,

v.

Anthony JONES, Appellee–Defendant.

No. 49A02–0909–CR–913.

Court of Appeals of Indiana.

Dec. 22, 2009.

Gregory F. Zoeller, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Anna Onaitis Holden, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Appellee.

**OPINION**

ROBB, Judge.

*Case Summary and Issue*

The State appeals the trial court's dismissal of three criminal cases against Anthony Jones. For our review, the State raises a single issue, which we restate as whether the trial court abused its discretion when it dismissed the cases. We conclude Jones was eligible for dismissal of the first and second cases, but not the third case at the time of the trial court's order; however, Jones may now be eligible for dismissal of all three cases. Therefore, we affirm in part, reverse in part, and remand for further proceedings.

*Facts and Procedural History*

On March 4, 2008, Jones was arrested and charged with criminal trespass, a

Class A misdemeanor ("Case 1"). He was released on his own recognizance on March 6, 2008. On April 18, 2008, Jones was arrested and charged with criminal trespass, a Class A misdemeanor, and disorderly conduct, a Class B misdemeanor ("Case 2"). Again, he was released on his own recognizance on April 19, 2008. On June 9, 2008, Jones was arrested a third time and charged with criminal trespass and resisting law enforcement, both Class A misdemeanors ("Case 3").[1] Following this third arrest, Jones remained in custody.

On June 17, 2008, the trial court ordered Jones examined to determine whether or not he was competent to stand trial. Based on the subsequent psychiatric evaluations, the trial court found Jones incompetent to stand trial on September 19, 2008, and committed Jones to the Department of Mental Health where he remained at least until June 19, 2009. On January 5, 2009, Jones filed motions to dismiss in each of the three cases, arguing he had already been detained in a state hospital for longer than his maximum possible sentence. The trial court granted the motions and dismissed the three cases on June 19, 2009. The State now appeals.[2]

*Discussion and Decision*

## I. Standard of Review

■ We review a trial court's decision to dismiss a charging information for an abuse of discretion. *State v. Davis*, 898 N.E.2d 281, 285 (Ind.2008). We will reverse the trial court only when the decision is clearly against the logic and effect of the facts and circumstances. *Zitlaw v. State*,

880 N.E.2d 724, 728–29 (Ind.Ct.App.2008), *trans. denied.*

## II. Dismissal of Cases

■ Trial "courts have the inherent authority to dismiss criminal charges where the prosecution of such charges would violate a defendant's constitutional rights." *Davis*, 898 N.E.2d at 285. In addition, Indiana Code section 35–34–1–4(a)(11) grants a trial court authority to dismiss a charging information for "[a]ny other ground that is a basis for dismissal as a matter of law." In *Davis*, our supreme court affirmed a trial court's dismissal of charges against a defendant who, after being declared incompetent to stand trial, had been confined in a state hospital for a period longer than her maximum possible sentence under the charges, stating

> Because Davis'[s] pretrial confinement has extended beyond the maximum period of any sentence the trial court can impose, and because the State has advanced no argument that its interests outweigh Davis'[s] substantial liberty interest, we conclude it is a violation of basic notions of fundamental fairness as embodied in the Due Process Clause of the Fourteenth Amendment to hold criminal charges over the head of Davis, an incompetent defendant, when it is apparent she will never be able to stand trial.

898 N.E.2d at 290.

According to the most recent mental health report in the record, dated March 2, 2009, Jones remains incompetent to stand trial. In addition, the State has not claimed any special interest in Jones's continued confinement other than its interest in obtaining a conviction for the crimes.[3]

---

1. Each of the three alleged incidents of criminal trespass took place at separate, unrelated locations.

2. Indiana Code section 35–38–4–2(1) allows the State to appeal an order granting a motion to dismiss an indictment or information.

3. In *Davis*, our supreme court enumerated several legitimate state interests in determin-

Therefore, the dispositive issue in this case is whether Jones has been confined for a period beyond the maximum possible sentence if he were to be convicted in all three cases.

Each of the three cases involves a charge of a Class A misdemeanor crime. The maximum possible sentence for a Class A misdemeanor is one year. Ind. Code § 35–50–3–2.[4] Because Jones committed the alleged crimes in Cases 2 and 3 while awaiting trial on Case 1, the trial court would be required to order the sentences in each case served consecutively. See Ind.Code § 35–50–1–2(d)(2) ("If, after being arrested for one (1) crime, a person commits another crime . . . while the person is released . . . upon the person's own recognizance[,] the terms of imprisonment for the crimes shall be served consecutively"). Therefore, Jones faces a maximum of three consecutive one-year sentences.

■ Following his arrest on Case 1, Jones served two days in jail prior to being released on his own recognizance. Jones is entitled to one additional day of credit for each day he was imprisoned awaiting trial; therefore, Jones accumulated four days of credit from Case 1. Following his arrest on Case 2, Jones served one day in jail prior to being released on his own recognizance; therefore, he is entitled to two days of credit from Case 2. Following his arrest on Case 3, Jones served 375 days in jail and in a state hospital leading up to the trial court's order of dismissal on June 19, 2009. A criminal defendant confined to a state mental health facility as a part of a criminal proceeding earns credit time just as if he were confined in jail. See Davis, 898 N.E.2d at 289. Therefore, Jones is entitled to 750 days of credit from Case 3. We now consider the status of Jones's credit time for each case in turn, as of June 19, 2009.

## A. Case 1

■ With respect to Case 1, Jones had a total credit of 756 days (four days from Case 1 plus two days from Case 2 plus 750 days from case 3), and faced a maximum possible sentence of 365 days. Therefore, Jones had already been confined beyond the maximum possible sentence for the charged crime, and the trial court did not abuse its discretion when it dismissed the charge in Case 1. As a result, we affirm the trial court's dismissal of Case 1.

## B. Case 2

Following the assignment of 365 days of credit to Case 1, Jones had 391 days of credit remaining with respect to Case 2 and faced another maximum possible sentence of 365 days. Therefore, Jones had already been confined beyond the maximum possible sentence for the charged crimes, and the trial court did not abuse its discretion when it dismissed the charges in Case 2. As a result, we affirm the trial court's dismissal of Case 2.

---

ing the guilt or innocence of an accused even though the person had already been confined beyond the maximum possible sentence, including: to enhance a sentence for a felony committed as a member of a criminal gang; to prohibit future possession of a firearm; to require registration as a sex offender; and to prove habitual offender, traffic offender, or substance offender status. 898 N.E.2d at 289.

4. Case 2 also includes a Class B misdemeanor charge and Case 3 also includes a second Class A misdemeanor charge. However, because in each case the misdemeanor charges stem from a single episode of criminal conduct, the trial court would likely order the sentences served concurrently, resulting in a maximum aggregate sentence of one year for each case. Therefore, we consider a maximum possible sentence of one year for each case.

## C. Case 3

Following the assignment of 365 days of credit to Case 2, Jones had twenty-six days of credit remaining with respect to Case 3 and faced a third maximum possible sentence of 365 days. Therefore, he had not yet been confined for longer than the maximum possible sentence for the charged crimes, and the trial court abused its discretion when it dismissed Case 3. *See Habibzadah v. State,* 904 N.E.2d 367, 369 (Ind.Ct.App.2009) (affirming trial court's denial of defendant's motion to dismiss because he had not been confined for longer than the potential maximum sentence he faced), *trans. denied.* As a result, we reverse the trial court's dismissal of Case 3.

However, we note that assuming Jones has continued to be confined after June 19, 2009, his confinement with respect to Case 3 would exceed the maximum possible sentence for the charged crimes after an additional 170 days or approximately on December 6, 2009. Therefore, we remand this case to the trial court for further proceedings to determine whether Jones is now eligible for dismissal of the charges in Case 3.

### Conclusion

The trial court did not abuse its discretion when it dismissed Cases 1 and 2 against Jones, but did abuse its discretion when it dismissed Case 3. Therefore, we affirm the trial court's decision to dismiss Cases 1 and 2, reverse its decision to dismiss Case 3, and remand for further proceedings in light of this opinion.

Affirmed in part, reversed in part, and remanded.

BAKER, C.J., and BAILEY, J., concur.