**Oscar BLAKEMORE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–0907–CR–614.

Court of Appeals of Indiana.

April 16, 2010.

Mary Spears, Indianapolis, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MAY, Judge.

The trial court found Oscar Blakemore guilty of failure to register as a sex offender, a Class D felony,[1] even though there was no such registration requirement when he committed the underlying offense or when he was convicted of it. That retroactive application of the sex offender registry requirement violated the Indiana constitutional prohibition of *ex post facto* laws, and we accordingly must reverse.[2]

### FACTS AND PROCEDURAL HISTORY

In 1999, Blakemore agreed to plead guilty to sexual misconduct with a minor as a Class C felony. The court accepted the agreement, entered the conviction, and imposed a four-year sentence with two years suspended to probation. The plea agreement provided Blakemore would "comply with the statutory requirements

---

1. Ind.Code § 11-8-8-17.

2. Blakemore petitioned for oral argument and we deny that request by separate order issued contemporaneous with this opinion.

of registering with local law enforcement as a sex offender." (Ex. 1 at 7.) When Blakemore was released to probation on April 27, 2000, he signed an "Order of Probation for Sex Offenders," which said, "You must register on Indiana's Sex Offender Registry within 7 days and maintain registration throughout Probation."[3] (*Id.* at 2.)

When Blakemore was convicted in 1999, a person who had committed Class C felony sexual misconduct with a minor was not subject to Indiana's registration requirement for sex offenders. In 2001, public law 238 added a registration requirement for persons convicted of Blakemore's underlying offense.[4] Ind.Code § 11–8–8–4.5.

After being released to probation, Blakemore twice was returned to the Department of Correction because he violated probation. He was finally discharged, with his sentence completed and no remaining probation requirements, in February 2005. On at least five occasions after that, Blakemore registered as a sex offender. In April of 2008 he was arrested for failure to register as a sex offender.

**3.** As explained below, at that time there was no statutory registration requirement for persons who committed Blakemore's offense of sexual misconduct with a minor as a Class C felony. We do not address whether a trial court may, as a condition of probation, impose a registration requirement on a defendant who is not within the statutory definition of "sex offender."

**4.** That section, which added Class C felony sexual misconduct with a minor to the list of offenses requiring registration as a sex offender, is now codified as Ind.Code § 11–8–8–4.5. In its brief, the State does not address, or even mention, the current statute—rather, it cites only to a section that was repealed in 2006.

**5.** The State asserts Blakemore waived his argument because he did not present it at his trial for failing to register. The State is cor-

## DISCUSSION AND DECISION

Blakemore asserts his new conviction is unconstitutional, and we agree.[5] The United States Constitution provides that no State shall pass any *ex post facto* law, U.S. Const. art. I, § 10, and the Indiana Constitution provides that "[n]o *ex post facto* law ... shall ever be passed." Ind. Const. art. I, § 24. The *ex post facto* prohibition forbids any law that imposes a punishment for an act that was not punishable at the time it was committed, or imposes additional punishment to the punishment then prescribed. *Wallace v. State,* 905 N.E.2d 371, 377 (Ind.2009), *reh'g denied.* "The underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties." *Id.*

In *Wallace,* our Indiana Supreme Court determined Wallace's conviction of failure to register as a sex offender violated the state constitutional prohibition against *ex post facto* laws when there was no registration requirement at the time of Wallace's conviction. *Id.* at 384. In 1989, Wallace pled guilty to Class C felony child molesting. He completed probation in

rect that generally, failure to file a proper motion to dismiss raising a constitutional challenge waives the issue on appeal. *Price v. State,* 911 N.E.2d 716, 719 (Ind.Ct.App.2009), *trans. denied* 919 N.E.2d 557 (Ind.2009). But we have considered constitutional challenges even though the defendant did not file a motion to dismiss. *See, e.g., id.* (considering a challenge to the constitutionality of a statute). There we noted the constitutionality of a statute may be raised at any stage of the proceeding, and may be raised *sua sponte* by this Court. *Id.* Even where waiver has been found, our Indiana Supreme Court has proceeded to address the merits of the constitutional challenge. *Id.* (citing *Rhinehardt v. State,* 477 N.E.2d 89, 93 (Ind.1985)). We choose to address the merits of Blakemore's argument.

1992. Two years later the legislature passed the act that required probationers and parolees convicted of child molesting on or after June 30, 1994 to register as sex offenders. *Id.* at 373. In 2001 the Act was amended to require all offenders convicted of certain sex offenses to register as sex offenders regardless of conviction date. *Id.*

Wallace did not register and was found guilty of failing to register as a sex offender as a Class D felony. Because Wallace was "charged, convicted, and served the sentence for his crime before the statutes collectively referred to as the Indiana Sex Offender Registration Act were enacted," our Indiana Supreme Court concluded the application of the act to Wallace violated the prohibition on *ex post facto* laws contained in the Indiana Constitution because it "imposes burdens that have the effect of adding punishment beyond that which could have been imposed when his crime was committed." *Id.* at 384.

The State does not explicitly argue the registration requirement may be imposed on Blakemore without subjecting him to an *ex post facto* law in violation of the constitution. Rather, it asserts, the *Wallace* Court's *ex post facto* analysis "may be ignored" because "Blackmore agreed to follow the statutory guidelines for sex offender registration and must therefore obey the statutes." (Appellee's Br. at 12.) However, the "statutory guidelines for sex offender registration" to which the State asserts Blakemore "agreed" did not apply to Blakemore at the time of his conviction. We therefore decline the State's invitation to ignore the *Wallace* analysis.

The State urges us to affirm on the grounds Blakemore waived his constitutional argument or abandoned any such claim when he entered into his plea agreement. "Blakemore did something Wallace did not do ... Blakemore agreed, explicit-

ly and pursuant to the terms of his *plea* agreement, to comply with *whatever the Indiana Code required of him,* in the way of sex offender registration." (*Id.* at 10) (emphasis supplied).

■■■ We decline to hold Blakemore "agreed" to requirements the Code did not impose when he entered into that agreement. A plea agreement is contractual in nature, binding the defendant, the state, and the trial court. *Valenzuela v. State,* 898 N.E.2d 480, 482 (Ind.Ct.App.2008), *trans. denied* 915 N.E.2d 984 (Ind.2009). The prosecutor and the defendant are the contracting parties, and if the trial court accepts the plea agreement, it is bound by its terms. *Id.* We look to principles of contract law when construing plea agreements to determine what is reasonably due the defendant. *Id.* The primary goal of contract interpretation is to give effect to the parties' intent. *Id.* It has long been established that we cannot enlarge the terms of the contract or read into it additional provisions, *Thomas v. Troxel,* 26 Ind.App. 322, 59 N.E. 683, 685 (1901), and we decline the State's invitation to so enlarge Blakemore's plea agreement by reading into it an agreement to predict any changes in the law the legislature might subsequently enact, and to comply with any such changes.

The State next asserts Blakemore waived the *ex post facto* argument he now asserts on appeal because he "failed to raise any constitutional concerns when pleading guilty." (Br. of Appellee at 7.) As explained above, the "constitutional concern" now before us did not exist when Blakemore entered into his plea agreement. Rather, his plea agreement contained a clause that by its very language did not apply to Blakemore, and neither he nor his counsel could be expected to predict what amendments our legislature might make to the sex offender registra-

tion act. His failure to raise that non-existent "concern" does not now preclude his *ex post facto* challenge.

Blakemore, like Wallace, was subjected to an *ex post facto law* in violation of the Indiana Constitution. When he was convicted in 1999 of Class C felony sexual misconduct with a minor, no statute required him to register as a sex offender. Therefore, application of the current version of the Sex Offender Registration Act to Blakemore "imposes burdens that have the effect of adding punishment beyond that which could have been imposed when his crime was committed," *Wallace,* 905 N.E.2d at 384, and is unconstitutional.

For all these reasons, we reject the State's assertion that a defendant's agreement to "comply with the statutory requirements in registering" as a sex offender, (Ex. 1 at 7), subjects him to subsequent punishment under laws not in existence when he entered into the agreement. We accordingly reverse Blakemore's conviction of failure to register as a sex offender.

Reversed.

KIRSCH, J., and DARDEN, J., concur.