Harold E. YORK, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A02–1008–CR–956.

Court of Appeals of Indiana.

May 24, 2011.

Jerry T. Drook, Marion, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Joby D. Jerrells, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

1. Ind.Code § 11–8–8–17.

2. Oral argument was held on April 15, 2011 at Franklin College. We commend counsel for their able presentations and thank the

## OPINION

BAKER, Judge.

We granted this interlocutory appeal in anticipation of addressing appellant-defendant Harold E. York's claim that the trial court should have granted his motion to dismiss the charge of Failure to Register as a Sex Offender,[1] a class D felony. York argues that changing the sex offender registration requirement from ten years to life is punitive and violates the prohibition against ex post facto laws.

Upon further reflection, we note that the charge against York was the result of his failure to register during the original ten-year period and his alleged failure to report a change in residence under the statute. Thus, the lifetime registration requirement is not at issue here, and we are compelled to dismiss this appeal.

### FACTS [2]

On February 23, 1998, York was convicted of child molesting and was required to register as a sex offender pursuant to Indiana Code section 5–2–12–13 [3] (Registration Act) for a period of ten years. On July 1, 2006, the General Assembly amended the definition of "sexually violent predator" under Indiana Code section 11–8–8–5. Under this section and the previous codification set forth in Indiana Code section 5–2–12–4, a "sexually violent predator" is defined as a "person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly engage in any of the offenses."

York had pleaded guilty to one of the offenses enumerated in Indiana Code sec-

administration, faculty, and students of Franklin College for their hospitality.

3. This statute has been amended and recodified at Indiana Code section 11–8–8–19.

tion 11–8–8–5 that subsequently changed York's ten-year sex offender registration requirement to a lifetime registration requirement. The change occurred after York served his sentence and had been released from probation on the underlying conviction.

In 2004, York was living at his fiancée's residence in Marion that was located within 1000 feet of a school. Thereafter, on April 1, 2006, Indiana Code section 35–42–4–11 became effective that prohibits sex offenders from living within 1000 feet of a school. When York went to the Grant County Sheriff's Department in February 2007 to comply with the Registration Act, he was informed that the registration period had been changed from ten years to life.

In March 2007, York received a certified letter from the Grant County Sheriff's Department, notifying him that he was required to change his residence because it was within 1000 feet of a school. York was also told that he had to move by the end of April. Approximately one month later, York changed his driver's license, vehicle title, and sex offender registration addresses to his father's residence in Gas City.

In March 2008, Grant County Sheriff's Deputies discovered various items at York's fiancée's residence, indicating that York was continuing to stay there. A detective searched the sex offender registry files for any address changes, and found none since York changed his address to the Gas City location on April 26, 2007. It was further determined that York completed an annual registration on July 25, 2007, but did not indicate any changes to his address at that time.

As a result, on June 11, 2008, York was charged with failure to register as living at his fiancée's house, even though he had been previously registered there.[4] The charge alleged that York was still living at his fiancée's residence, even though he had registered his Father's address with the Sheriff's Department. The State's charging information provided that "on or about April, 2007 through March, 2008 in Grant County, ... York, a sex offender for having been convicted of Child Molesting in Huntington County ... on February 23, 1998, did knowingly and or intentionally fail to register when required, ... provided by I.C. 11–8–8–17." Appellant's App. p. 5.

On October 15, 2009, York filed a motion to dismiss the charge. York relied on our Supreme Court's opinion in *State v. Pollard*, 908 N.E.2d 1145 (Ind.2009), where it was determined that the residency restriction under Indiana Code section 35–42–4–11 could only be applied to those persons who had been convicted after the statute became effective. As a result, York claimed that he should have been able to remain at his fiancée's residence.

The trial court denied the motion to dismiss and determined that York "continues to have the obligation to register. Even if the residency statute is not applicable to him, he is required to register the residence in which he resides.... Even if a sex offender is living in a proper residence, he also must properly register." Appellant's App. p. 28. It was also decided that "it would appear that York is required to register for life under I.C. 11–8–8–19(c)." *Id.* at 29. And because York had established a residence at his fiancée's address before the residency restriction statute became effective, the trial court

---

4. York was also charged with possession of marijuana, a class A misdemeanor, which he

does not challenge in this appeal.

concluded that he may reside there, if properly registered, in accordance with *Pollard.* York now appeals, claiming that the lifetime registration requirement is unconstitutional.

## DISCUSSION AND DECISION

### I. Standard of Review

We review the trial court's decision regarding the motion to dismiss a charging information for an abuse of discretion. *State v. Jones,* 918 N.E.2d 436, 438 (Ind.Ct.App.2009). We will reverse only when the decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.*

### II. York's Claims

As noted above, York argues that the trial court should have granted his motion to dismiss because the Registration Act as applied to him violates the prohibition against ex post facto laws. In other words, York claims that the lifetime registration requirement is more punitive than regulatory.

The United States Constitution provides that no State shall pass any ex post facto law, U.S. Const. art. I, § 10, and the Indiana Constitution provides that "[n]o ex post facto law ... shall ever be passed." Ind. Const. art. I, § 24. The ex post facto prohibition forbids any law that imposes a punishment for an act that was not punishable at the time it was committed, or imposes additional punishment to the punishment then prescribed. *Wallace v. State,* 905 N.E.2d 371, 377 (Ind.2009). "The underlying purpose of the Ex Post Facto Clause is to give effect to the fundamental principle that persons have a right to fair warning of that conduct which will give rise to criminal penalties." *Id.; see also Blakemore v. State,* 925 N.E.2d 759, 761 (Ind.Ct.App.2010).

In support of his argument, York asserts that he is "not in the same position with a life-time registration requirement as he was with a ten year requirement." Appellant's Br. p. 6. York contends that a lifetime registration requirement is substantially more punitive than the ten-year requirement because a defendant must register for a sex offense that may have happened many years ago. As a result, York maintains that the requirement violates ex post facto considerations.

Notwithstanding York's contentions regarding about the effect of the lifetime registration requirement and its purported unconstitutionality, we note that the State filed the charge against York in June 2008, alleging that he failed to list his fiancée's house as his residence from "April 2007 through March 2008," in violation of the residency requirements. Appellant's App. p. 5. The dates alleged in the charging information with regard to York's residency registration requirement encompassed the time period of York's obligation to register under the original ten-year period. Put another way, the State did not allege that York had failed to register under the lifetime requirement that became effective in 2006. Rather, the State only asserted that York had violated the Registration Act because he failed to include his fiancée's house as his residence.

As a result, because the lifetime registration requirement was not at issue when the State filed the charge against York, we must save that challenge for another day.

Appeal dismissed.

NAJAM, J., and CRONE, J., concur.