# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JOSEPH P. HUNTER**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

**FILED**

Feb 08 2012, 10:01 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY T. WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A05-1108-CR-439 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable John M. Feick, Judge
Cause No. 18C04-0910-FD-161
Cause No. 18C04-1001-FA-1

**February 8, 2012**

**OPINION - FOR PUBLICATION**

**FRIEDLANDER, Judge**

Anthony Tyrone White appeals the trial court's classification of him as a credit restricted felon when sentencing him for class B felony Child Molesting.[1] On appeal, White argues that the Credit Restricted Felon Statute, Ind. Code Ann. § 35-41-1-5.5 (West, Westlaw through 2011 1st Regular Sess.), does not apply to defendants convicted of class B felony child molesting.

We affirm.

The facts are not in dispute. Between July 1, 2009 and December 23, 2009, forty-three-year-old White performed sexual intercourse multiple times with his stepdaughter. The child was eleven and twelve years old during the molestations. The State charged White with two counts of class A felony child molesting and one count of class C felony child molesting. The State later added a habitual offender count.

On June 9, 2011, White pleaded guilty, pursuant to a plea agreement, to one count of class B felony child molesting.[2] The remaining counts, including the habitual offender allegation, were dismissed. On July 27, 2011, the trial court sentenced White to twenty years imprisonment. The trial court found White to be a credit restricted felon, as well as a sexually violent predator. As a credit restricted felon, White would earn credit time at a reduced rate of one day of credit for every six days that he is imprisoned. *See* Ind. Code Ann. §§ 35-50-6-3(d), -4(b) (West, Westlaw through 2011 1st Regular Sess.).

On appeal, White contends that he is not a credit restricted felon because he was

---

[1] Ind. Code Ann. § 35-42-4-3 (West, Westlaw through 2011 1st Regular Sess.).

[2] The plea agreement also disposed of another cause in which White pleaded guilty to domestic battery. The plea agreement provided for the sentences imposed in each cause to be served concurrently.

convicted of child molesting as a class B felony as opposed to a class A felony. He reasons that his age, which elevated the charge to a class A felony, was an element specifically bargained out of the offense to which he pleaded guilty.

This issue requires us to interpret the Credit Restricted Felon Statute, I.C. § 35-41-1-5.5. Our standard is well-settled in matters of statutory interpretation.

> "In interpreting statutes, we do not interpret a statute that is facially clear and unambiguous. Rather, we give the statute its plain and clear meaning." *Hampton v. State,* 921 N.E.2d 27, 30 (Ind. Ct. App. 2010) (internal quotations omitted), *reh'g denied, trans. denied.* "[I]f a statute is ambiguous, we seek to ascertain and give effect to the legislature's intent." *Id.* "The best evidence of legislative intent is the language of the statute itself, and all words must be given their plain and ordinary meaning unless otherwise indicated by statute." *Id.* (quoting *Abney v. State,* 811 N.E.2d 415, 419 (Ind. Ct. App. 2004), *adopted by* 821 N.E.2d 375 (Ind. 2005)). "[P]enal statutes must be strictly construed against the State, but a statute should not be overly narrowed so as to exclude cases fairly covered by it and should be interpreted so as to give efficient operation to the expressed intent of the legislature." *Id.* (quoting *Redden v. State,* 850 N.E.2d 451, 463 (Ind. Ct. App. 2006) (quoting *Baird v. State,* 604 N.E.2d 1170, 1190 (Ind. 1992), *cert. denied,* 510 U.S. 893, 114 S.Ct. 255, 126 L.Ed.2d 208 (1993)), *trans. denied*). "Also, we assume that the language in a statute was used intentionally and that every word should be given effect and meaning." *Id.* (quoting *Merritt v. State,* 829 N.E.2d 472, 474 (Ind. 2005)). "We seek to give a statute practical application by construing it in a way favoring public convenience and avoiding absurdity, hardship, and injustice." *Id.*

*Buchanan v. State*, 956 N.E.2d 124, 128-29 (Ind. Ct. App. 2011).

A credit restricted felon is defined in relevant part as follows:

> a person who has been convicted of at least one (1) of the following offenses:
> (1)     Child molesting involving sexual intercourse or deviate sexual conduct (IC 35-42-4-3(a)), if:
>   (A)     the offense is committed by a person at least twenty-one (21) years of age; and
>   (B)              the victim is less than twelve (12) years of age.
> (2)     ….

I.C. § 35-41-1-5.5.  This statutory language is unambiguous, and a plain reading of it reveals that a credit restricted felon includes a defendant who has been convicted of child molesting under I.C. § 35-42-4-3(a) (that is, child molesting involving sexual intercourse or deviate sexual conduct with a child under fourteen years of age)[3] if certain special circumstances exist.[4]  These required circumstances are that the defendant was at least twenty-one years of age when he/she committed the offense and the victim was less than twelve years of age.

Contrary to White's argument on appeal, the statute does not require that the first of these special circumstances (defendant's age) be alleged and established as an *element* of the crime for which the defendant was convicted.  In other words, I.C. § 35-41-1-5.5(1) does not expressly limit application of the credit restricted felon statute to those convicted of child molesting as a class A felony based upon the defendant's age being at least twenty-one.  Rather, this provision of the credit restricted felon statute refers generally to conviction for the offense of child molesting involving sexual intercourse or deviate sexual conduct under I.C. § 35-42-4-3(a), which addresses both A and B felonies.  In addition to a conviction under

---

[3]  I.C. § 35-42-4-3(a) provides as follows:

> (a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if:
> > (1) it is committed by a person at least twenty-one (21) years of age;
> > (2) it is committed by using or threatening the use of deadly force or while armed with a deadly weapon;
> > (3) it results in serious bodily injury; or
> > (4) the commission of the offense is facilitated by furnishing the victim, without the victim's knowledge, with a drug (as defined in IC 16-42-19-2(1)) or a controlled substance (as defined in IC 35-48-1-9) or knowing that the victim was furnished with the drug or controlled substance without the victim's knowledge.

[4]  Murder is one of the offenses listed in the credit restricted felon statute that also requires additional special circumstances before the credit restrictions under the statute apply.  See I.C. § 35-41-1-5.5(3).

I.C. § 35-42-4-3(a), the two special circumstances listed in I.C. § 35-41-1-5.5(1)(A) and (B) must then also be present for imposition of credit restricted felon status.

In the instant case, White was convicted of child molesting involving sexual intercourse under I.C. § 35-42-3-2(a). Moreover, the record clearly establishes that he was over the age of twenty-one when he committed the crime and his victim was under the age of twelve. The credit restricted felon statute, therefore, plainly applies in this case, and it is of no moment that White pleaded guilty to class B felony child molesting, as opposed to class A felony child molesting. The trial court did not err in assigning his credit restricted felon status.

Judgment affirmed.

RILEY, J., and MATHIAS, J., concur.