Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not be
regarded as precedent or cited before
any court except for the purpose of
establishing the defense of res judicata,
collateral estoppel, or the law of the case.



**FILED**

May 21 2012, 9:18 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JOSEPH P. HUNTER**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN MCLEAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BUSTER JOEL TOSCHLOG, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1110-CR-958 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Linda Ralu Wolf, Judge
Cause No. 18C03-0902-FA-6

**May 21, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Buster Joel Toschlog appeals the trial court's determination that he is a credit-restricted felon.  He argues that the credit-restricted-felon statute, Indiana Code section 35-41-1-5.5, does not apply to Class B felony child molesting, of which he was convicted.  Another panel of this Court recently addressed this very issue, concluding that the credit-restricted-felon statute indeed applies to Class B felony child molesting.  *White v. State*, 961 N.E.2d 54 (Ind. Ct. App. 2012), *trans. denied*.  We therefore affirm.

**Facts and Procedural History**

The facts in this case are not in dispute.  In 2009, Toschlog lived with his girlfriend and her six-year-old daughter, J.Q.  On January 24, 2009, Toschlog held J.Q. down and had anal intercourse with her.  The State charged Toschlog with two counts of Class A felony child molesting (deviate sexual conduct) and two counts of Class B felony child molesting (deviate sexual conduct), all of which are governed by Indiana Code section 35-42-4-3(a).  These counts covered the January 24 incident as well as an earlier incident with J.Q.

In September 2011, Toschlog and the State entered into a plea agreement in which Toschlog agreed to plead guilty to Class B felony child molesting as a lesser-included offense of Class A felony child molesting for the January 24, 2009, incident.  In exchange, the State agreed to dismiss the remaining charges.  The parties agreed that Toschlog's sentence would be left to the discretion of the trial court.  The trial court accepted the plea agreement and sentenced Toschlog to sixteen years in the Indiana Department of Correction.  Noting that the offense was committed by a person over the

age of twenty-one and the victim was less than twelve years old at the time of the offense, the court determined that Toschlog was a credit-restricted felon pursuant to Indiana Code section 35-41-1-5.5(1). Appellant's App. p. 93-94. The court assigned Toschlog to Class IV credit time, which means that he receives one day of credit time for every six days served. *See* Ind. Code §§ 35-50-6-4(b) ("A person who is a credit restricted felon and who is imprisoned for a crime or imprisoned awaiting trial or sentencing is initially assigned to Class IV. A credit restricted felon may not be assigned to Class I or Class II."), 35-50-6-3(d) ("A person assigned to Class IV earns one (1) day of credit time for every six (6) days the person is imprisoned for a crime or confined awaiting trial or sentencing.").

Toschlog now appeals.

## Discussion and Decision

Toschlog contends that the trial court erred in determining that he was a credit-restricted felon because he was convicted of Class B felony child molesting as opposed to Class A felony child molesting. He reasons that his age, which elevated the offense to a Class A felony, was an element specifically bargained out of the offense to which he pled guilty and, therefore, it cannot be used to establish that he is a credit-restricted felon.

We start with the statute that defines credit-restricted felon. It provides, in pertinent part:

"Credit restricted felon" means a person who has been convicted of at least one (1) of the following offenses:

(1) Child molesting involving sexual intercourse or deviate sexual conduct (*IC 35-42-4-3(a)*), if:

3

(A) the offense is committed by a person at least twenty-one (21) years of age; and

(B) the victim is less than twelve (12) years of age.

Ind. Code § 35-41-1-5.5 (emphasis added).[1] Indiana Code section 35-42-4-3(a) governs both Class A and Class B felony child molesting and provides, in relevant part:

(a) A person who, with a child under fourteen (14) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits child molesting, a Class B felony. However, the offense is a Class A felony if:

(1) it is committed by a person at least twenty-one (21) years of age .
. . .

That is, Class B felony child molesting (sexual intercourse or deviate sexual conduct) is elevated to a Class A felony when the defendant is at least twenty-one years old.

This Court recently addressed the very issue before us now in *White* and concluded that the statute plainly applies to defendants convicted of Class B felony child molesting under Section 35-42-4-3(a). In his February 2012 Appellant's Brief, Toschlog recognized the *White* Court's holding but noted that the opinion was not yet certified. *See* Appellant's Br. p. 7 ("That decision has yet to be certified and thus Mr. Toschlog submits his brief to preserve his rights under this appeal."). Although the defendant in *White* sought transfer,[2] our Supreme Court denied transfer on May 3, 2012.

Specifically, the *White* Court found that the statutory language was unambiguous and a plain reading of it revealed that a credit-restricted felon includes a defendant who has been convicted of child molesting under Indiana Code section 35-42-4-3(a) if special circumstances exist. *White*, 961 N.E.2d at 56. The special circumstances are that the

[1] Effective July 1, 2012, this statute will be recodified at Indiana Code section 35-31.5-2-72.

[2] Toschlog's appellate attorney is the same as the defendant's appellate attorney in *White*.

4

defendant was at least twenty-one years old when he committed the offense and the victim was less than twelve years old. *Id.*

Contrary to Toschlog's argument on appeal, the credit-restricted-felon statute does not require that the first special circumstance – the defendant's age – be alleged and established as an element of the crime for which the defendant is ultimately convicted. *See id.* In other words, Section 35-41-1-5.5(1) does not expressly limit application of the credit-restricted-felon statute to those convicted of only Class A felony child molesting based upon the defendant's age being at least twenty-one. *Id.* at 56-57. Rather, Section 35-41-1-5.5(1) applies to convictions under Section 35-42-4-3(a), and subsection (a) governs both Class A and Class B felony child molesting involving sexual intercourse or deviate sexual conduct. *Id.* at 57. In addition to a conviction under Section 35-42-4-3(a), the special circumstances relating to age must be present. *Id.*

Here, Toschlog was convicted of child molesting involving deviate sexual conduct under Section 35-42-4-3(a). Although not establishing Toschlog's age as part of the factual basis because it was not an element of Class B felony child molesting, the record clearly establishes that Toschlog was at least twenty-one years old when he committed the offense in January 2009 and J.Q. was less than twelve years old at that time. *See* Tr. p. 11, 12, 47, 52, 56 (establishing, as part of the factual basis, that J.Q. was six years old at the time of the offense and noting that Toschlog was twenty-seven years old at the time of an August 2009 hearing and twenty-nine years old at the time of a September 2011 hearing). Accordingly, the credit-restricted-felon statute plainly applies to this case; it is

of no moment that Toschlog pled guilty to Class B felony child molesting as opposed to Class A felony child molesting.

Although not delineating it as a separate argument, Toschlog makes a one-paragraph argument at the end of his brief that the credit-restricted-felon statute is unconstitutional because it violates the proportionality clause of the Indiana Constitution.[3] Toschlog speculates that a defendant convicted of Class A felony child molesting under Section 35-42-4-3(a) for molesting someone over twelve years old who receives Class I credit time could end up serving less time than a credit-restricted-felon defendant convicted of Class B felony child molesting under Section 35-42-4-3(a) for molesting someone under the age of twelve. Notably, Toschlog did not make this constitutional argument in the trial court below and has therefore waived it. *See Price v. State*, 911 N.E.2d 716, 719 (Ind. Ct. App. 2009), *trans. denied*. Even if we did not find waiver, Toschlog's argument fails.

Article 1, Section 16 of the Indiana Constitution provides in part, "All penalties shall be proportioned to the nature of the offense." Our Supreme Court has made clear that Article 1, Section 16 "applies only when a criminal penalty is not graduated and proportioned to the nature of the offense." *Conner v. State*, 626 N.E.2d 803, 806 (Ind. 1993) (quotation omitted). "Finding that a statute is unconstitutional should be reserved only for penalties so disproportionate to the nature of the offense as to amount to clear constitutional infirmity sufficient to overcome the presumption of constitutionality

---

[3] Toschlog does not make an equal-protection argument.

6

afforded to legislative decisions about penalties." *State v. Moss-Dwyer*, 686 N.E.2d 109, 112 (Ind. 1997) (quotations omitted).

The credit-restricted-felon statute affects the credit time that a defendant receives against his sentence. That is, credit time is a statutory reward that is earned toward release and does not diminish the sentence that a defendant receives. *State v. Mullins*, 647 N.E.2d 676, 678 (Ind. Ct. App. 1995). It is well settled that a defendant has no constitutional right to receive credit time. *Cottingham v. State*, 424 N.E.2d 105, 106 (Ind. 1981). Because this case involves credit time, which is not a penalty, a proportionality argument cannot be made. *See Halbig v. State*, 525 N.E.2d 288, 294 (Ind. 1988) ("There is no right to a suspended sentence. Therefore, no constitutional issue is presented when a defendant fails to receive consideration of probation regarding a sentence provided by the legislature."); Appellee's Br. p. 9 ("[The credit-restricted-felon statutes] operate to determine a defendant's eligibility for parole or probation and do not prescribe a 'penalty' for an 'offense' susceptible to review under Article 1, Section 16.").

Affirmed.

CRONE, J., and BRADFORD, J., concur.