**GENERAL COLLECTIONS, INC.,**
**Appellant (Plaintiff Below),**

v.

**Joseph L. OCHOA, Appellee**
**(Defendant Below).**

**No. 02A03–8903–CV–69.**

Court of Appeals of Indiana,
Third District.

Nov. 15, 1989.

Frank A. Webster, Fort Wayne, for appellant.

Michael A. Aspy, Marvin S. Crell, Tourkow, Crell, Rosenblatt & Johnston, Fort Wayne, for appellee.

STATON, Judge.

On September 9, 1988, the Allen Superior Court, Small Claims Division, granted Joseph L. Ochoa's motion to set aside a de-

fault judgment which was entered in 1977 in favor of General Collections. The conclusion of the trial court was that Ochoa was not the person who signed the promissory note which was the subject matter of the default judgment. As a result, the proceedings supplemental instituted by General Collections to recover the $469.00 allegedly owed by Ochoa under the default judgment were dismissed. General Collections raises two issues on appeal:

1. Whether the trial court's decision to dismiss the proceedings supplemental was contrary to law?

2. Whether the trial court erred in refusing to allow General Collections's expert witness to offer an opinion as to the identity of the judgment debtor?

We dismiss.

■ General Collections contends on appeal that the evidence produced during the hearing on Ochoa's motion to set aside default and motion to dismiss proceedings supplemental was so conclusive in establishing Ochoa's identity as the subject judgment debtor as to render the trial court's determination to the contrary clearly erroneous. General Collections additionally argues that the trial court erroneously impinged upon its right to present its case in full by restricting expert opinion testimony offered to identify Ochoa as the subject debtor, therein basing its argument on the relatively relaxed evidentiary guidelines of Indiana Rules of Procedure, Small Claims Rule 8. However, General Collections failed to provide a transcript of the above-referenced evidentiary hearing. Without the same, proper review of these issues is impossible.

■ General Collections does not dispute Ochoa's contention that it had the burden of proving identity, therefore leaving General Collections in the position of appealing from a negative judgment. A negative judgment will be reversed on appeal only when it is contrary to law. *Charles F. Broughton, D.M.D., P.C. v. Riehle* (1987), Ind.App., 512 N.E.2d 1133, 1135. A judgment is "contrary to law" only where the evidence is without conflict and leads to a conclusion opposite to that reached by the trial court. *Indiana & Michigan Electric Company v. Terre Haute Industries, Inc.* (1987), Ind.App., 507 N.E.2d 588, 597, *reh. denied.* In addressing the question of whether a negative judgment is contrary to law, we consider only the evidence on the record most favorable to the prevailing party without reweighing the evidence or judging the credibility of witnesses. *Craig v. ERA Mark Five Realtors* (1987), Ind.App., 509 N.E.2d 1144, 1146.

Absent a transcript of the evidentiary hearing, we are incapable of determining whether the evidence presented by General Collections was in fact uncontradicted or conclusive enough to render the trial court's decision contrary to law. General Collections attempts to overcome the deficiencies of the transcript presented to this court by summarizing its version of the procedures in its brief. With respect to this attempt, we would point out that allegations contained in briefs which are unsupported by the record are not viewed as facts. *Cook v. Equitable Life Assurance Society of the United States* (1981), Ind. App., 428 N.E.2d 110, 115, *trans. denied.*

We are similarly incapable of engaging in a meaningful review of the second issue presented by this appeal, i.e., whether the trial court erroneously refused to allow expert opinion testimony. Without a record of evidence, we are without the means to determine whether the subject upon which General Collections allegedly attempted to extract an opinion was the proper subject of expert opinion testimony or whether exclusion of the expert opinion testimony amounted to harmless error. *See e.g., Public Service Indiana v. Nichols* (1986), Ind.App., 494 N.E.2d 349, *reh. denied* (expert opinion testimony should not be allowed on the ultimate fact in issue if it is an area in which the fact finder is as well qualified as the expert to form an opinion); *Jordan v. Talaga* (1989), Ind.App., 532 N.E.2d 1174 (reversible error cannot be predicated on the exclusion of evidence which is merely cumulative).

General Collections was well aware of the deficiency of the transcript presented in this appeal. Ochoa directed General Collections by his brief to the course of action required of appellants when, as here, a transcript of necessary evidence is unavailable, that being the preparation and filing of an agreed upon statement of the evidence as provided by Indiana Rules of Procedure, Appellate Rule 7.2(A)(3)(c). Rather than bring the defective record into conformance with the appellate rules, General Collections filed a reply brief directing this court's attention to Appellate Rule 7.2(C)(2), which states "Incompleteness or inadequacy of the record shall not constitute a ground for dismissal of the appeal or preclude review on the merits." We, in turn, direct General Collections's attention to *Cox v. State* (1985), Ind., 475 N.E.2d 664, 667, in which our supreme court stated:

> The intent of the rule is to provide a method whereby the parties or the appellate court may correct mistakes or omissions in the record following the certification of the record. We do not believe the intent of the rule is to shift, from appellant to the appellate court, the duty to provide an adequate record for review. The rule is not meant to permit an appellant to raise an issue in his brief and then leave it to the appellate court to order up the necessary record to review the issue.

It was General Collections's duty to present a record from which this court could conduct a meaningful review. *Seay v. State* (1988), Ind., 529 N.E.2d 106, 109. We conclude that General Collections's failure to acknowledge its duty to provide a transcript of the evidence or undertake a recreation of the record in the manner provided under the Rules of Appellate Procedure warrants dismissal of this appeal.

Dismissed.

RATLIFF, C.J., and GARRARD, P.J., concur.