**In re the Marriage of Anita GRADDICK, Appellant–Respondent,**

v.

**James R. GRADDICK, Appellee–Petitioner.**

No. 49A02–0205–CV–415.

Court of Appeals of Indiana.

Dec. 18, 2002.

Bryan Lee Ciyou, Ciyou & Dixon, Indianapolis, IN, Attorney for Appellant.

## OPINION

KIRSCH, Judge.

Anita Graddick appeals the trial court's decision in the action dissolving her marriage to James R. Graddick. Because the trial court made no record of the hearing, she has not provided us with a transcript. She raises the following restated issue for review: whether an appellant who is unable to file a transcript is entitled to pursue his or her appeal or to receive a new hearing.

We affirm.

## FACTS AND PROCEDURAL HISTORY

Anita and James are the parents of J.G. On July 3, 2000, James filed a petition for dissolution and on April 4, 2001, he filed an amended petition. On June 7, 2001, the trial court held a final hearing at which it granted custody of J.G. to James and granted the dissolution. Anita did not attend the hearing.

On September 4, 2001, Anita filed a motion to set aside the order granting the dissolution, contending that she did not have notice of the final hearing. The trial court granted her petition as to custody and child support only and ordered that James retain temporary custody of J.G. pending the completion of a report regarding the parties.

On January 15, 2002, the trial court held a second final hearing. Subsequently, the trial court issued its order granting custody of J.G. to James. Anita filed her notice of appeal, but learned in the course of preparing her appeal that no record was made of the hearing. Her trial attorney does not have sufficient recollection of the hearing to reconstruct it.

## DISCUSSION AND DECISION

Anita argues that because the trial court failed to make a record, she is unable to perfect an appeal and therefore has no adequate remedy. The appellant bears the burden of presenting a record that is complete with respect to the issues raised on appeal. *Ford v. State*, 704 N.E.2d 457, 461 (Ind.1998); *General Collections, Inc. v. Ochoa*, 546 N.E.2d 113, 115 (Ind.Ct.App.1989). Ind. Appellate Rule 31 explains the procedure for assembling a record on appeal when no transcript of the hearing is available. That rule requires a party to "prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection. The party shall then file a motion to certify the statement of evidence with the trial court or Administrative Agency. The statement of evidence shall be attached to the motion." App. R. 31.

The rule then provides for responses to the statement and certification by the trial court. The material then becomes a part of the clerk's record. Compliance with this rule sustains the appellant's burden of presenting a complete record on appeal. *Ford*, 704 N.E.2d at 461. We demonstrated the consequences for noncompliance with this rule in *General Collections*, 546 N.E.2d at 115, where we dismissed an appeal because the appellant failed to acknowledge its duty to provide a transcript of the evidence or undertake a recreation of the record in the manner provided under the rules. *Id.*

Here, Anita concedes that the Ind. Appellate Rules "provide a mechanism to perfect a civil appeal in most cases." *Appellant's Brief* at 11. However, she contends that there is no means available to her in spite of the rule because no record was made of the hearing, and her trial counsel's memory of the proceedings is insuffi-

cient to assist her in preparing a statement of the evidence.

However, the rule requires the appellant to prepare a statement of the evidence from *the best available source*. Given that Anita's trial counsel has an insufficient recollection of the hearing, he is not the best available source. However, the rule specifically contemplates that Anita could have prepared a statement from her own recollection. Once prepared, the statement should have been submitted to James for objections. Finally, Anita should have submitted the statement to the trial court for certification. Anita did not comply with the specifications of the rule under the circumstances. We disagree with her contention that she was unable to perfect appeal. Rather, she failed to take the appropriate measures to discharge her burden of providing this court with a record which allows us to review the substantive contentions. Thus, we must dismiss Anita's appeal.

That said, this case raises an important issue in that it demonstrates that some courts of record, as did the Marion Superior Court in the present instance, are conducting appealable proceedings without making a record. Courts of record should record all proceedings they conduct, especially proceedings, such as this one, on final orders. The folly of failing to do so is demonstrated by this case, in which the review of a final decision regarding the custody of a child is hindered because of the trial court's failure to record the proceedings. Moreover, if the trial court does not make a record of the proceeding, it should secure a waiver of recording on the record to leave no doubt in the minds of all of those involved as to the status of the record.

We recognize earlier decisions of this court that fail to find error in failing to make a record. However, in many of these cases, the parties expressly or impliedly waived the recordation of the hearing. *See, e.g., Showley v. Showley,* 454 N.E.2d 1230, 1231–32 (Ind.Ct.App.1983) (no error in failing to record hearing where both parties waived recordation); *Edwards v. Edwards,* 132 Ind.App. 567, 570, 177 N.E.2d 919, 921 (1961) (no error in failing to record hearing where parties had agreed to waive recordation at earlier hearing when no court reporter was available).

Even so, holding that there is no error in failing to record under the particular facts of a given case is not the same as holding that failing to make a record or secure an on-the-record waiver of a record constitutes good practice, and we strongly encourage trial courts to make an appropriate record of the proceedings before them or secure an on-the-record waiver.

Affirmed.

BROOK, C.J., and RILEY, J., concur.