Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 16 2013, 6:56 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JIM A. EDSALL**
Pendleton, Indiana

ATTORNEYS FOR APPELLEES:

**NICHOLAS W. LEVI**
Kightlinger & Gray, LLP
Indianapolis, Indiana

**CRYSTAL G. ROWE**
Kightlinger & Gray, LLP
New Albany, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JIM A. EDSALL, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A05-1210-SC-508 |
| | ) | |
| BENSON, PANTELLO, MORRIS, JAMES & LOGAN, | ) | |
| | ) | |
| Appellees-Plaintiffs. | ) | |
| | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
SMALL CLAIMS DIVISION
The Honorable Jennifer L. DeGroote, Magistrate
Cause No. 02D01-1109-SC-18229

**July 16, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Jim A. Edsall appeals the Allen Superior Court Small Claims Division's judgment against him for $981.31 in unpaid legal fees to a Fort Wayne law firm and the court's denial of relief on his counterclaims against the law firm. Edsall neither submitted a transcript of the bench trial in this case nor provided us with a statement of the evidence pursuant to Indiana Appellate Rule 31; therefore, we do not have a record from which we can conduct a meaningful review of the issues raised on appeal. Because the appellant bears this burden, we dismiss this appeal.

**Facts and Procedural History**

In August 2006, the State charged Edsall with nine Class A felonies related to methamphetamine. He was represented by three attorneys: Hugh Taylor, Christopher Wheeler, and James Stevens. In January 2008, Edsall pleaded guilty to five counts of Class A felony delivery of methamphetamine and one count of Class A felony conspiracy to manufacture methamphetamine. *Edsall v. State*, 983 N.E.2d 200, 202 (Ind. Ct. App. 2013) ("*Edsall II*"), *reh'g denied*. According to the plea agreement, the State dismissed the remaining Class A felonies and agreed to a thirty-year cap on the executed portion of Edsall's sentence. The trial court sentenced Edsall to thirty years executed on each count, to be served concurrently, and approximately $20,000 in restitution.

Edsall directed his attorney at the time, Attorney Stevens, to file a Notice of Appeal, but Attorney Stevens never did. Because Edsall was without fault and diligent in requesting permission to file a belated notice of appeal, we allowed Edsall to file a belated notice of appeal pursuant to Indiana Post-Conviction Rule 2. *Edsall v. State*, No.

57A03-1110-CR-462 (Ind. Ct. App. Apr. 11, 2012) ("*Edsall I*"). We ultimately affirmed Edsall's thirty-year aggregate sentence (but reversed his restitution). *Edsall II*, 983 N.E.2d at 204-10.

In February 2009, Edsall's father, Buddy Edsall, contacted Timothy Logan, a partner with the Fort Wayne law firm of Benson, Pantello, Morris, James & Logan ("the Law Firm"), to look into the reasonableness of the attorney fees that Edsall had been charged by his prior attorneys, specifically Attorney Stevens, in his criminal case. Appellant's App. p. 80-82. Attorney Logan charged Edsall $180 per hour plus costs. *Id.* at 82. Apparently, Edsall selected Attorney Logan because the Law Firm's phone-book advertisement said that the Law Firm practiced, among other things, "Malpractice— Medical & Legal" and "Criminal Law—Traffic Offenses." Appellee's App. 114. Attorney Logan's plan was to request itemized bills from each of Edsall's three former attorneys in order to analyze the reasonableness of their fees. Appellant's App. p. 82. Attorney Stevens never provided the requested information, but the other attorneys did.

In September 2009, Attorney Logan sent a letter to the incarcerated Edsall in which he recommended not pursing the fee disputes. *Id.* at 88. Attorney Logan also recommended finding someone with a criminal-law background to look into "the *legal negligence* ramifications of [Attorney] Stevens' acts or omissions." *Id.* Attorney Logan asked for final payment on Edsall's account. *Id.*

Approximately two years later, in September 2011, the Law Firm filed a Notice of Claim against the still-incarcerated Edsall in Allen Superior Court Small Claims Division for unpaid legal fees and expenses in the amount of $981.31. In January 2012, Edsall,

3

pro se, counterclaimed, alleging excessive legal fees, misrepresentation, malpractice, fraud, and breach of contract. *See id.* at 19. Edsall, in turn, requested $6000 in damages.

The small-claims court held a bench trial in August 2012, at which Edsall appeared by telephone because he was still incarcerated. For reasons unclear from the record, the court reporter did not record the bench trial. The court issued an order finding that Edsall was "liable for the unpaid balance due and owing" the Law Firm for attorney fees in the amount of $981.31. *Id.* at 39. The court also found that Edsall "failed to establish, by a preponderance of the evidence, that he was entitled to any damages or debts alleged through his Counter-claim." *Id.*

Edsall filed a motion to correct error, which the court denied. *Id.* at 135.

Edsall, pro se, now appeals.[1]

**Discussion and Decision**

This case was tried before the bench in small-claims court. Indiana Small Claims Rule 8(A) provides: "The trial shall be informal, with the sole objective of dispensing speedy justice between the parties according to the rules of substantive law, and shall not be bound by the statutory provisions or rules of practice, procedure, pleadings or evidence except provisions relating to privileged communications and offers of compromise." Despite the informality of the proceedings, the parties in small-claims court bear the same burdens of proof as they would in a regular civil action on the same issues. *LTL Truck Serv., LLC v. Safeguard, Inc.*, 817 N.E.2d 664, 668 (Ind. Ct. App.

---

[1] In January 2013, the Law Firm filed a Verified Motion to Dismiss Appeal. The Law Firm argued that the appeal should be dismissed because Edsall did not timely file his brief. This Court's motions panel denied the Law Firm's motion to dismiss. *Edsall v. Benson, Pantello, Morris, James & Logan*, No. 02A05-1210-SC-508 (Ind. Ct. App. Mar. 1, 2013).

4

2004). Although "the method of proof may be informal, the relaxation of evidentiary rules is not the equivalent of relaxation of the burden of proof." *Id.* Thus, it remains incumbent upon the party who bears the burden of proof to demonstrate that it is entitled to the recovery sought. *Id.* The burden of proof with respect to damages is with the plaintiff. *Id.* (citing *Noble Roman's, Inc. v. Ward*, 760 N.E.2d 1132, 1140 (Ind. Ct. App. 2002)).

In addition, the appellant bears the burden of presenting a record from which this Court can conduct a meaningful review of the issues raised on appeal. *Graddick v. Graddick*, 779 N.E.2d 1209, 1210 (Ind. Ct. App. 2002); *Gen. Collections*, *Inc. v. Ochoa*, 546 N.E.2d 113, 115 (Ind. Ct. App. 1989). Here, Edsall neither submitted a transcript of the bench trial nor provided us with a statement of the evidence pursuant to Indiana Appellate Rule 31.[2] Appellate Rule 31(A) provides:

> If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection. The party shall then file a motion to certify the statement of evidence with the trial court or Administrative Agency. The statement of evidence shall be attached to the motion.

The rule then provides for responses to the statement and certification by the trial court; the material then becomes a part of the Clerk's Record. Ind. Appellate Rule 31(B), (C). Compliance with Appellate Rule 31 sustains the appellant's burden of presenting a complete record on appeal. *Graddick*, 779 N.E.2d at 1210. Failure to present an adequate record from which this Court may conduct a meaningful review warrants dismissal of an appeal. *Id.* at 1211; *Ochoa*, 546 N.E.2d at 115.

---

[2] Edsall appears to argue that his motion to correct error constituted compliance with Appellate Rule 31; it did not.

Here, Edsall did not present an adequate record for us to review whether he met his burden of proof on his counterclaims against the Law Firm for excessive legal fees, misrepresentation, malpractice, fraud, and breach of contract and whether the small-claims court erred in entering judgment against Edsall in the amount of $981.31 for unpaid legal fees. Accordingly, we dismiss this appeal. *See Nikolayev v. Nikolayev*, 985 N.E.2d 29, 34 (Ind. Ct. App. 2013) ("In order to challenge the trial court's findings on this issue [value of household goods/personal property], Alexander should have created a verified statement of the evidence from the best sources and then obtained certification of the statement by the trial court under Indiana Rule of Appellate Procedure 31. This statement would have enabled this Court to conduct an informed review of all of the evidence before the trial court. Alexander's failure to comply with Appellate Rule 31 results in waiver of the issue on appeal."), *trans. denied*.

Dismissed.

KIRSCH, J., and PYLE, J., concur.