Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Oct 04 2013, 5:34 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANTS PRO SE:

**ROBERT J. FIEDLER**
**DIANE C. FIEDLER**
Evergreen Park, Illinois

ATTORNEY FOR APPELLEE:

**LATRIEALLE WHEAT**
Angola, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ROBERT J. FIEDLER and DIANE C. FIEDLER, | ) | |
| Appellant-Petitioner, | ) | |
| vs. | ) | No. 44A03-1303-MI-107 |
| LAGRANGE COUNTY HEALTH DEPARTMENT, | ) | |
| Appellee-Respondent | ) | |

APPEAL FROM THE LAGRANGE SUPERIOR COURT
The Honorable George E. Brown, Judge
Cause No. 44D01-1208-MI-32

**October 4, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Robert and Dianne Fiedler ("the Fiedlers") appeal the trial court's entry of final judgment in favor of the LaGrange County Health Department ("the Health Department") on the Fiedlers' action seeking to compel the Health Department to certify that the Fiedlers' septic system was functioning satisfactorily. The Fiedlers, acting *pro se*, now appeal to this court and present four issues, which we consolidate and restate as:

I.      Whether the trial court had personal jurisdiction over the Health Department;

II.     Whether the Health Department failed to serve the Fiedlers with the Motion for Entry of Final Judgment; and

III.    Whether the trial court erred in granting the Health Department's motion for entry of final judgment.

We affirm.

**Facts and Procedural History**

On August 13, 2012, the Fiedlers filed in LaGrange Superior Court their "Petition to Direct LaGrange County Health Department to Issue Certificate that Petitioners' Septic Tank Soil Absorption System is Functioning Satisfactorily." On September 27, 2012, the Health Department filed a motion seeking dismissal of the Fiedlers' petition under Indiana Trial Rules 12(B)(5),[1] 12(B)(6),[2] and 12(B)(7).[3] On November 9, 2012, the trial court held a hearing on the Health Department's motion to dismiss.

---

[1] Indiana Trial Rule 12(B)(5) allows for dismissal of a complaint if there is insufficient service of process.

[2] Indiana Trial Rule 12(B)(6) allows dismissal of a complaint for failure to state a claim upon which relief can be granted.

[3] Indiana Trial Rule 12(B)(7) allows dismissal of a complaint for failure to join a party needed for just adjudication.

On January 7, 2013, the trial court issued an order granting the Health Department's motion to dismiss. In his order, Judge Brown made findings that were especially informative and drafted to explain his actions to the Fiedlers:

> 1. [T]he Petition in this case indicates that the Petitioners are seeking to have the Court mandate the Respondent Health Department to issue a certificate stating that Petitioner's septic system is functioning satisfactorily. The issuance of such a certificate is a discretionary act on the part of the Respondent; that is, the Respondent may grant or deny a request to issue such a certificate. While the Court may mandate an official to perform a discretionary act, the Court does not have the authority to mandate the official to exercise its discretion in a particular way. In this case, the LaGrange County Health Department has exercised its discretion and denied the Petitioners' request for a certificate stating that Petitioners' septic system is functioning satisfactorily. There is, therefore, nothing for the Court to mandate. While the Petitioners may have remedies available as a result of the Respondent's actions, a mandate suit is not one of them. The Petition does not state a claim upon which relief may be granted.
>
> 2. Apart from the findings above, the service of process by the Petitioners upon the Respondent was insufficient, and, therefore, the Respondent's motion to dismiss, in so far as it seeks relief under Trial Rule 12(B)(5), should be granted.

Appellee's App. p. 6.

Thereafter, the Fiedlers failed to file an amended complaint. On February 27, 2013, the Health Department filed a motion for entry of final judgment. The next day, February 28, 2013, the court entered an order of dismissal, finding, "[o]n January 7, 2013, the Court entered its Order granting [the Health Department's] motion to dismiss. [The Fiedlers] thereafter filed no amended petition. Being duly advised, the Court now enters final judgment." Appellants' App. p. 6. The Fiedlers now appeal.

## I. Personal Jurisdiction

We begin by noting that the Fiedlers' appellants' brief is deficient in many respects. In Indiana, it is well settled that *pro se* litigants are held to the same standard as licensed attorneys. Goossens v. Goossens, 829 N.E.2d 36, 43 (Ind. Ct. App. 2005). The Fiedlers provide no statements of the applicable standards of review, and have not supported their arguments with any citation to relevant legal authority, both of which are required by Indiana Appellate Rule 46(A)(8). A party waives an issue where the party fails to provide a statement of the standard of review or provide adequate citation to legal authority. See Ramsey v. Review Bd. of Workforce Dev., 789 N.E.2d 486, 490 (Ind. Ct. App. 2003) (holding that the claimant's substantial noncompliance with rules of appellate procedure resulted in waiver of his claims on appeal). The Fiedlers have therefore waived the issues raised in this appeal. Waiver notwithstanding, we will briefly address the issues raised in the Fiedlers' appellants' brief, as best as we are able to discern them.[4]

The Fiedlers argue on appeal:

On January 7, 2013, [the Fiedlers' petition] was dismissed by The Superior Court granting the 12(B)5 relief the Health Department had requested in their October 3, 2012 Motion to Dismiss which was specifically based on the Fiedlers' alleged insufficiency of service upon The Health Department, which the Fiedler[s] argue results in The Superior Court never having acquired jurisdiction over The Health Department under TR4(A) in the cause due to the insufficiency of service.

---

[4] While we will endeavor to address the issues presented, we will not address those arguments that are so ill-formed and unsupported that we cannot fully understand them. We may not become an advocate for the Fiedlers and make their case for them. See Omni Ins. Group v. Poage, 966 N.E.2d 750, 753 (Ind. Ct. App. 2012); Thacker v. Wentzel, 797 N.E.2d 342, 345 (Ind. Ct. App. 2003).

> [The trial] court continued to lack this jurisdiction on February 27 when the Clerk's office accepted the filing on behalf of the Health Department, and on February 28, 2013 when the Judgment of Dismissal was granted.
>
> The Superior Court had no jurisdiction over The Health Department to rule on any motion submitted by them.

Appellants' Br. at 6-7.

Personal jurisdiction is a court's power to bring a person into its adjudicative process and render a valid judgment over that person. See Saler v. Irick, 800 N.E.2d 960, 965 (Ind. Ct. App. 2003) (quoting Black's Law Dictionary 857 (7th ed. 1999)). "The existence of personal jurisdiction over a defendant is a constitutional requirement in rendering a valid judgment, mandated by the Due Process Clause of the Fourteenth Amendment." Id. When we review questions of whether personal jurisdiction exists, we use a *de novo* standard of review. Id.

The Fiedlers are correct in their assertion that ineffective service of process prevents a trial court from having personal jurisdiction over a defendant and that a judgment entered by the trial court over such a defendant is void. See Thomison v. IK Indy, Inc., 858 N.E.2d 1052, 1055 (Ind. Ct. App. 2006). Importantly for this case, however, a defendant can waive the lack of personal jurisdiction and submit itself to the court's jurisdiction by responding or appearing and failing to contest the lack of jurisdiction. See Ellis v. M & I Bank, 960 N.E.2d 187 (Ind. Ct. App. 2011) (providing that a defendant can waive a lack of personal jurisdiction and submit to the jurisdiction of the court by responding or appearing and failing to raise the issue of lack of jurisdiction); Harris v. Harris, 922 N.E.2d 626, 632 (Ind. Ct. App. 2010).

5

Here, the Health Department formally appeared as a party in the case after the Fiedlers filed their complaint. Appellants' App. p. 3. Furthermore, the Health Department did not raise lack of personal jurisdiction as a defense either in its motion to dismiss or in its memorandum supporting the motion. Therefore, we conclude that the Health Department waived the issue of personal jurisdiction and the trial court properly exercised personal jurisdiction over the Health Department.

## II. Service of Motion for Entry of Final Judgment

The Fiedlers next argue that they "were not contemporaneously served by Counsel for The Health Department with the Motion for Entry of Final Judgment" and that they first learned about the motion on March 2, 2012, when they received notice of the court's entry of final judgment against them. Appellants' Br. at 7.

The record reveals, however, a file-stamped copy of the motion that includes a certificate of service verifying that the Health Department served the Fiedlers with the motion on February 27, 2013. Appellee's App. p. 8. The Fiedlers point to no evidence in the record indicating that the Health Department failed to serve them with the motion. We may not consider matters outside the record or speculate about the actual facts of the case, and it is the burden of the appellants to present portions of the record to support their argument. See Zapffe v. Srbeny, 587 N.E.2d 177, 180 (Ind. Ct. App. 1992), trans. denied; Graddick v. Graddick, 779 N.E.2d 1209, 1210 (Ind. Ct. App. 2002); Boczar v. Meridian St. Found., 749 N.E.2d 87, 92 (Ind. Ct. App. 2001). Here, the record establishes that the Fiedlers *were* properly served. Therefore, the Fiedlers' argument that

6

the Health Department failed to serve them with the motion for entry of final judgment must fail.

### III. Entry of Final Judgment

Finally, the Fiedlers argue that the Health Department's motion for entry of final judgment was inadequate to support the trial court's granting of the motion. Specifically, the Fiedlers assert

> a motion for final Judgment of Dismissal based on the premise that the Fiedlers did not amend their petition is nonsensical in that since the Fiedlers were dismissed by reason of 12(B)5, the Fiedlers would have had no need to amend their petition, as the court had never acquired jurisdiction over all of the parties, did not subsequently acquire that jurisdiction and amending a petition in a dismissed case would have been an exercise in futility for the Fiedlers as such an action would still not overcome being dismissed for insufficient service.

Appellants' Br. at 11.

The Fiedlers claim that the trial court's January 7, 2013 order granting the Health Department's motion to dismiss "gives the erroneous impression through the inclusion of paragraph 1 which is the first thing a reader would encounter, that dismissal was for failure to state a claim upon which relief can be granted 12(B)(6), when in actuality relief was granted in paragraph 2 where 12(B)(5) relief was granted." Appellants' Br. at 12. The Fiedlers claim that the trial court actually dismissed the case for insufficiency of service, and "amending a petition in a dismissed case would have been an exercise in futility." Appellants' Br. at 11.

The Fiedlers' argument is without merit. We have already determined that the trial court properly exercised jurisdiction over the parties, since the Health Department

7

submitted to the jurisdiction of the trial court by formally appearing and failing to raise the defense of lack of personal jurisdiction. Furthermore, the trial court's order clearly gives two reasons for dismissing the complaint: (1) insufficient service and (2) failure to state a claim on which relief can be granted. Appellee's App. p. 6. Since the Health Department consented to the trial court's jurisdiction, the February 28, 2013 entry of final judgment against the Fiedlers was based on the Fiedlers' failure to amend their complaint. Indeed, the order states, "[p]etitioners thereafter filed no amended petition." Appellants' App. p. 6. Therefore, the final judgment was properly entered and the Fiedlers' argument to the contrary is unavailing.

The Fiedlers also argue that the trial court's entry of final judgment in favor of the Health Department was improper because the court "acted in a manner that led to the Fiedlers being denied their right to present counter arguments to The Health Department's Motion for Entry of Final Judgment." Appellants' Br. at 8. Specifically, the Fiedlers argue that the trial court acted improperly when it ruled on the motion for entry of final judgment the day after it was filed and accuse the trial court of conducting a hearing on February 28, 2013 without giving them notice and without making a record of the hearing.[5] The Fiedlers claim, "the entire process that evolved on February 27 and 28,

---

[5] The Fiedlers state, "[w]hile Counsel for The Health Department has argued that there was no hearing on February 28, 2013, the issuance of a civil notice dated February 28, 2013 at 9:11am and initialed by TG, who the Fiedlers believe to be Tabitha Glick, a court reporter in The Superior Court, certainly implies to the Fiedlers that this issue may have been presented in the courtroom that morning, as the calendar indicates a 9am session and the court reporter was obviously at hand at 9:11 to transcribe the civil notice." Appellants' Br. at 10. However, the Fiedlers do not provide any citation to the record to support their claim. Even if they did, this evidence alone would not establish the occurrence of a secret hearing.

8

2013 was designed in a manner to ensure that the Fiedlers would have no opportunity to respond to the Motion for Entry of Final Judgment[.]" Appellants' Br. at 9.

We again note that the Fiedlers have not provided any citation to the record that supports their assertion that the trial court held a hearing on February 28, 2013. Since we cannot look outside the record, and since the record does not support the Fiedlers' claim, their claim must fail.

We further disagree with the Fiedlers' argument that the trial court erred when it granted the Health Department's motion for entry of final judgment without giving the Fiedlers an opportunity to be heard. Indiana Trial Rule 12(B)(6) tests the legal sufficiency of a claim, rather than the facts supporting it. City of South Bend v. Century Indem. Co., 821 N.E.2d 5, 9 (Ind. Ct. App. 2005), trans. denied. "When a motion to dismiss is sustained for failure to state a claim under subdivision (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule." Indiana Trial Rule 12(B)(6). Therefore, when the trial court dismissed the Fiedlers' complaint for failure to state a claim on which relief can be granted, the Fiedlers had ten days to amend their complaint. They failed to do so. A trial court need not hold a hearing before making an entry showing that a plaintiff failed to amend his complaint and dismissing the cause. See Hendrickson v. Am. Fletcher Nat. Bank & Trust Co., 158 Ind. App. 20, 23, 301 N.E.2d 530, 531 (1973) (providing, "[t]here is no question that if, after the ten day period provided for the plaintiff to plead over, the trial judge had made an entry showing that 'the plaintiff having

failed to plead over, the cause is now dismissed, such would have been a final appealable judgment."). Under these facts and circumstances, the trial court's entry of final judgment against the Fiedlers was appropriate.

## Conclusion

By failing to comply with Appellate Rule 46(A)(8), the Fiedlers waived the issues presented in this appeal. Waiver notwithstanding, we conclude that the Fiedlers are not entitled to the relief they seek. The trial court correctly exercised personal jurisdiction over the parties. The Fiedlers' argument that the Health Department failed to serve them with the motion for entry of final judgment is unsupported by the record. On the record before us, the trial court's entry of final judgment against the Fiedlers was proper.

Affirmed.

NAJAM, J., and BROWN, J., concur.