## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 04 2015, 10:09 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
| --- | --- |
| Adam C. Squiller | Christopher D. Kehler |
| Squiller & Harley | Kehler Law Firm, PC |
| Auburn, Indiana | Warsaw, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
| --- | --- |
| In Re: The Adoption of: M.W.M. and K.R.M., *Minor Children,* M.M., *Appellant,* v. W.S., *Appellee.* | June 4, 2015 Court of Appeals Cause No. 43A03-1501-AD-16 Appeal from the Kosciusko Superior Court Cause Nos. 43D01-1209-AD-32 43D01-1209-AD-33 The Honorable Duane G. Huffer, Judge |

**Barnes, Judge.**

# Case Summary

M.M. appeals the dismissal of his motion for relief from judgment. We affirm.

# Issue

M.M. raises one issue which we restate as whether the trial court properly dismissed his motion for relief from judgment.

# Facts

M.M. is the biological father of M.W.M. and K.R.M. In 2012, Father consented to the children's adoption by W.S. On October 31, 2012, the trial court issued an amended decree of adoption. On September 18, 2014, M.M. filed a motion for relief from judgment pursuant to Indiana Trial Rule 60(B). The motion alleged in part:

> 4. [M.M.] was informed . . . that he would be allowed to have contact with the children following the adoption.
>
> 5. [M.M.] was informed by Petitioners that Petitioners were in a financial situation such that they would be able to support the minor child and provide the child with a comfortable lifestyle.
>
> 6. Petitioner has represented and the Court has found that he has the ability and desire to furnish support and affection necessary to serve the respective adoptee's best interests.
>
> 7. In making said representations, Petitioners perpetrated a fraud on [M.M.] and the Court.

App. p. 12.

On October 13, 2014, W.S. filed a motion to dismiss M.M.'s motion for relief from judgment. W.S. asserted that the motion for relief for judgment was untimely because, when a motion for relief from judgment is based on Trial Rule 60(B)(3), it must be filed within one year.

On December 8, 2014, the trial court held a hearing on M.M.'s motion. That same day, the trial court issued an order dismissing M.M.'s motion for relief from judgment because it was untimely. M.M. now appeals.

## Analysis

M.M. argues that the trial court erroneously dismissed his motion for relief from judgment without an evidentiary hearing. The propriety of relief under Trial Rule 60(B) is a matter entrusted to the trial court's equitable discretion. *Citimortgage, Inc. v. Barabas*, 975 N.E.2d 805, 812 (Ind. 2012). An abuse of that discretion may occur if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or if the trial court has misinterpreted the law. *Id.*

Trial Rule 60(B) provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a judgment, including a judgment by default, for the following reasons:
>
> * * * * *
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> * * * * *

The motion shall be filed within a reasonable time for reasons (5), (6), (7), and (8), and not more than one year after the judgment, order or proceeding was entered or taken for reasons (1), (2), (3), and (4). A movant filing a motion for reasons (1), (2), (3), (4), and (8) must allege a meritorious claim or defense. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding or for fraud upon the court. . . .

Our supreme court has adopted federal authority for analyzing claims of fraud under Trial Rule 60(B). *See Stonger v. Sorrell*, 776 N.E.2d 353, 357 (Ind. 2002).

[8] The *Stonger* court recognized three ways of seeking relief from judgment on the basis of fraud. *Id.* at 356. The first is a motion pursuant to Trial Rule 60(B)(3), which can be "based on any kind of fraud (intrinsic, extrinsic, or fraud on the court) so long as it is chargeable to an adverse party and has an adverse effect on the moving party." *Id.* Such a motion must be filed not more than one year after the judgment was entered. T.R. 60(B); *Stonger*, 776 N.E.2d at 356.

[9] The second method is an independent action for fraud pursuant to the savings clause of Trial Rule 60(B), which provides, "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order or proceeding . . . ." This provision reserves the power trial courts had prior to the adoption of Trial Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity. *Id.* This type of action is usually reserved

for situations that do not meet the requirements for a motion made under Trial Rule 60(B)(3) because the fraud is not chargeable to an adverse party; the movant seeks relief from a court other than the rendering court; or the one-year time limit for Trial Rule 60(b)(3) motions has expired. *Id.* "An independent action is subject to the doctrine of laches, and its remedy is extremely limited." *Id.*

[10] The third method is also pursuant to the savings clause of Trial Rule 60(B), which goes on to provide, "This rule does not limit the power of a court to entertain an independent action . . . for fraud upon the court." "This method invokes the inherent power of a court to set aside its judgment if procured by fraud on the court." *Id.* at 357.

[11] Because M.M.'s motion for relief from judgment was filed almost two years after the adoption decree was issued, the motion was clearly untimely under Trial Rule 60(B)(3). M.M. does not dispute this and instead claims that the one-year time limitation in Trial Rule 60(B) does not apply to his allegation of fraud on the court pursuant to *Stonger*.

[12] "In order to properly preserve an issue on appeal, a party must, at a minimum, 'show that it gave the trial court a bona fide opportunity to pass upon the merits of the claim before seeking an opinion on appeal.'" *Cavens v. Zaberdac*, 849 N.E.2d 526, 533 (Ind. 2006) (quoting *Endres v. Ind. State Police,* 809 N.E.2d 320, 322 (Ind. 2004)). Further, "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible

error by the record, as all presumptions are in favor of the trial court's judgment." *Marion-Adams Sch. Corp. v. Boone*, 840 N.E.2d 462, 468 (Ind. Ct. App. 2006); *see also Willett v. Review Bd. of Indiana Dep't of Employment & Training Servs.*, 632 N.E.2d 736, 740 (Ind. Ct. App. 1994) ("The burden is on appellant to establish a complete and accurate record."), *trans. denied.*

[13] M.M. has not shown that he gave the trial court a bona fide opportunity to address the merits of his claim that his motion for relief from judgment constituted an independent action for fraud as described in *Stonger* and was not subject to the one-year time limitation of Trial Rule 60(B). Specially, we have no way of knowing what was argued at the December 8, 2014 hearing because, although M.M. requested that a transcript of that hearing in his notice of appeal, the Notice of Completion of Clerk's Record indicates that no transcript was available. M.M. does not address the lack of transcript, and there is no indication that M.M. attempted to have a statement of evidence certified by the trial court pursuant to Indiana Appellate Rule 31. *See Graddick v. Graddick*, 779 N.E.2d 1209, 1210 (Ind. Ct. App. 2002) (observing that compliance with App. R. 31 "sustains the appellant's burden of presenting a complete record on appeal."). Without a transcript of the December 8, 2014 hearing or a statement of the evidence, we have no way of knowing whether M.M. asserted an independent action for fraud on the court as discussed in *Stonger* or whether M.M. is raising the

issue for the first time on appeal. Thus, M.M. has not shown that this issue was preserved for appellate review.[1]

[14] Instead, the record on appeal shows that M.M.'s motion for relief from judgment referenced Trial Rule 60(B) generally and alleged that, in making representations about his ability to support the children, W.S. "perpetrated a fraud" on M.M. and the trial court. App. p. 12. According to *Stonger*, a Trial Rule 60(B)(3) motion may be based on any kind of fraud, including fraud on the court. *Stonger*, 776 N.E.2d at 356. W.S. then moved to dismiss M.M.'s motion for relief from judgment on the basis that it was untimely pursuant to the one-year limitation in Trial Rule 60(B)(3). Following a hearing, the trial court granted the motion to dismiss on that basis. Accordingly, M.M. has not established that that the trial court erred in dismissing his motion for relief from judgment without conducting an evidentiary hearing.

## Conclusion

[15] Based on record before us, M.M. has not established that the trial court erred in dismissing his motion for relief from judgment. We affirm.

---

[1] Unlike our recent decision in *Jahangirizadeh v. Pazouki*, 27 N.E.3d 1178 (Ind. Ct. App. 2015), *trans. pending*, and *Stonger*, it is not clear that the issue raised by M.M. on appeal was properly preserved for appellate review.

Affirmed.

Riley, and Bailey, J., concur.