## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 22 2015, 10:27 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Don Campbell
Greencastle, Indiana

ATTORNEY FOR APPELLEE,
Anonymous Hospital A

Robert J. Palmer
May • Oberfell • Lorber
Mishawaka, Indiana

ATTORNEY FOR APPELLEES,
Anonymous Hospital B and
Anonymous Physical Therapist

David M. McTigue
Herendeen Kowals & McTigue
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Don Campbell,

*Appellant,*

v.

Anonymous Hospital A,
Anonymous Hospital B, and
Anonymous Physical Therapist,

*Appellees.*

September 22, 2015

Court of Appeals Cause No.
71A03-1410-CT-355

Appeal from the St. Joseph
Superior Court

The Honorable Jenny Pitts Manier,
Judge

Trial Court Cause No.
71D05-1408-CT-272

**Barnes, Judge.**

# Case Summary

Don Campbell appeals the dismissal of his proposed medical malpractice complaint for failure to prosecute. We affirm.

# Issue

Campbell raises three issues, which we consolidate and restate as whether his proposed complaint was properly dismissed.

# Facts

On December 19, 2012, Campbell, while represented by counsel, filed a proposed medical malpractice complaint with the Indiana Department of Insurance alleging that Anonymous Hospital A, Anonymous Hospital B, and Anonymous Physical Therapist (collectively "the Appellees") were negligent. On March 13, 2014, Campbell filed an amended proposed complaint correcting Anonymous Hospital A's name. In May 2014, Campbell's attorney withdrew his representation of Campbell and forwarded Campbell's address on Ebeling Drive in South Bend to the Appellees.

On August 19, 2014, Anonymous Hospital A filed a motion for preliminary determination to compel discovery and/or dismiss Campbell's proposed complaint with prejudice for failure to prosecute. On August 26, 2014, Anonymous Hospital B and Anonymous Physical Therapist also moved for

preliminary determination to compel discovery and/or dismiss Campbell's proposed complaint with prejudice for failure to prosecute.

[5] The Appellees' motions detailed their efforts to compel discovery before and after Campbell's attorney withdrew and alleged that Campbell had failed to comply with or respond to any of their requests. On September 3, 2014, the trial court held a hearing on the Appellees' motions. Campbell did not appear at that hearing. On September 5, 2014, the trial court issued an order granting the Appellees' motions to dismiss with prejudice.

[6] On September 10, 2014, Campbell, acting pro se, filed an emergency motion to reconsider the dismissal indicating that, on July 30, 2014, he informed the Department of Insurance that he was incarcerated in the St. Joseph County Jail and sent copies of the letter to the Appellees' attorneys. Campbell filed two more motions to reconsider and, on October 2, 2014, Campbell filed a notice of appeal. Campbell moved to proceed in forma pauperis. The trial court granted Campbell's motion to proceed in forma pauperis in part but ordered Campbell to pay for any transcript. No transcript of the September 3, 2014 hearing was transmitted to this court.

[7] On February 23, 2015, we issued an order requiring Campbell to file an amended notice of appeal requesting the transcript and to provide evidence of payment for the transcript. On March 16, 2015, Campbell filed an amended notice of appeal and indicated that, although he cannot afford a transcript, it is not necessary to resolve the appeal. Eventually, Campbell filed an appellant's

brief and an appendix, and the Appellees filed a joint appellees' brief and appendix.  However, no transcript was prepared.

## Analysis

[8]   Campbell challenges the dismissal of his proposed medical malpractice complaint for failure to prosecute.  As an initial matter, we note that in Indiana Campbell proceeds pro se and contends that he should be held to a less stringent standard.  However, it is well settled that "a litigant who chooses to proceed *pro se* will be held to the same rules of procedure as trained legal counsel and must be prepared to accept the consequences of his action." *Shepherd v. Truex*, 819 N.E.2d 457, 463 (Ind. Ct. App. 2004).

[9]   As the Appellees point out, Campbell has failed to comply with the Indiana Appellate Rules.  First, Appellate Rule 46(A)(8)(b) requires that the argument for each issue include a concise statement of the standard of review, which Campbell has not provided.  Appellate Rule 46(A)(8)(a) requires that the appellant's contentions be supported by cogent reasoning and "citations to the authorities, statutes, and the Appendix or parts of the Record on appeal relied on . . . ."  Although Campbell's brief includes citations to federal authorities, he provides no citation to Indiana authority regarding dismissal for failure to prosecute.  Additionally, Campbell's brief is filled with factual assertions that are not supported by the record on appeal.

[10]  Further, Campbell has not provided us with a transcript of the September 3, 2014 hearing in accordance with the appellate rules and as ordered by this court

on February 23, 2015. Additionally, Campbell's appendix lacks many of the documents relevant to our review and is not verified as required by Appellate Rule 50.

[11] "It is a cardinal rule of appellate review that the appellant bears the burden of showing reversible error by the record, as all presumptions are in favor of the trial court's judgment." *Marion-Adams Sch. Corp. v. Boone*, 840 N.E.2d 462, 468 (Ind. Ct. App. 2006). "The appellant bears the burden of presenting a record that is complete with respect to the issues raised on appeal." *Graddick v. Graddick*, 779 N.E.2d 1209, 1210 (Ind. Ct. App. 2002). "While we prefer to decide cases on their merits, we will deem alleged errors waived where an appellant's noncompliance with the rules of appellate procedure is so substantial it impedes our appellate consideration of the errors." *Shepherd*, 819 N.E.2d at 463. Referring to Appellate Rule 46, we have acknowledged that we will not consider an appellant's assertion on appeal when he or she has failed to present cogent argument supported by authority and references to the record as required by the rules. *Id.* "If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties. This, clearly, we cannot do." *Id.*

[12] On appeal, Campbell does not address his failure to respond to the discovery requests made before 2014 and argues only that he did not receive letters from the Appellees following his moves in early 2014 and his incarceration in July 2014. However, in light of the lack of transcript, the insufficient appendix, and the deficiencies in his brief, we must conclude that Campbell has not met his

burden of showing that the trial court erred in dismissing his proposed complaint.

## Conclusion

[13] Campbell has not established that the trial court erred in dismissing his proposed complaint for failure to prosecute. We affirm.

[14] Affirmed.

Kirsch, J., and Najam, J., concur.